CHARLOTTE E. MORRIS *vs.* PENN MUTUAL LIFE INSURANCE COMPANY.

Suffolk. March 14. — Sept. 8, 1876. AMES & MORTON, JJ., absent.

The St. of 1861, c. 186, relating to the forfeiture of policies of life insurance, applies, by force of the St. of 1872, c. 325, § 7, to foreign as well as to domestic insurance companies.

CONTRACT on a policy of insurance upon the life of Lysander R. E. Morris, payable to the plaintiff, his wife. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts in substance as follows :

The defendant corporation is a mutual life insurance company incorporated by the laws of the Commonwealth of Pennsylvania, and having its usual place of business in Philadelphia. On January 31, 1873, the corporation issued from its office in Philadelphia a policy of insurance on the life of Lysander R. E. Morris, a citizen of Boston, Massachusetts, for three thousand dollars, payable to the plaintiff within sixty days after due notice and proof of the death of the said Lysander; the corporation at that time transacting business in this Commonwealth by an agency established in conformity with the laws thereof, through which agency the application for this policy was made.

The consideration of this policy was an annual premium of $95.91, payable on or before January 31 in each and every year

during the continuance of the policy. The first premium of $95.91 was paid February 15, 1873.

On January 31, 1874, the policy lapsed by neglect of the assured to pay the annual premium then due; but afterwards, at the request of the assured, and upon his undergoing a new examination by the medical examiner of the company, at the assured's expense, the policy was reinstated, and the payment of the premium was changed from an annual to a semi-annual payment, and on March 17, 1874, a payment was made at Boston. No other premium was paid. Lysander R. E. Morris died on January 3, 1875, and due notice and proof of his death were given to the defendant. The defendant has paid nothing on the policy.

It is further agreed that the facts, as they appear in this agreement, are such as to make the defendant liable to the plaintiff, according to the provisions of the non-forfeiture act of Massachusetts, St. of 1861, c. 186, provided the court find that act, under subsequent legislation, applicable to the said facts, and in such case judgment shall be entered for the plaintiff for $2948.04, with interest from April 11, 1875; otherwise, judgment shall be for the defendant.

*G. G. Hubbard & A. D. Chandler*, for the defendant.

*A. Russ*, for the plaintiff.

LORD, J. The only question in this case is whether the St. of 1861, c. 186, applies to insurance companies other than such as are "chartered by the authority of this Commonwealth." The St. of 1872, c. 325, § 7, in amendment of, and in substitution for, the St. of 1870, c. 349, § 5, is in these words:

"All corporations, associations, partnerships or individuals doing business in this state under any charter, compact, agreement, or statute of this or any other state, involving an insurance, guaranty, contract or pledge for the payment of annuities or endowments, or for the payment of moneys to families, or representatives of policy or certificate holders, or members, shall be considered and deemed to be life insurance companies within the meaning of the laws relating to life insurance within this state, and shall not make any such insurance, guaranty, contract or pledge therein, or to or with any citizen or resident of this state, which shall not distinctly state therein the amount of such

life benefits, the manner of payment, the period of the continu-
ance thereof, and the amount of the annual, semiannual or
quarterly premium, or by which the payment of the life benefit
assured shall be contingent upon the payment of assessments
made upon surviving members, nor except in accordance with,
and under the conditions and restrictions of the statutes now or
hereafter regulating the business of life insurance : *Provided,*
that nothing in this section shall be held to · conflict with the
provisions of chapter one hundred and eighty-six of the acts of
eighteen hundred and sixty-one." And the question arises upon
the meaning of this proviso.

The defendant contends that this provision of the St. of 1872
simply means to exempt foreign corporations, &c., from the pro-
visions of the St. of 1861. If this had been the purpose of the
Legislature, it could have been aptly, clearly and definitely
expressed by the use of the words, " except the act of 1861,
*c.* 186," instead of the much more inapt and cumbrous language
of the proviso.

The very language of the proviso, that nothing in this section
shall be held to conflict with the provisions of *c.* 186 of the acts
of 1861, imports that the principle which is enunciated by that
act is not to be invaded. It may be said, that this object would
have been accomplished by the omission of the proviso. It is
perhaps true that such would have been the meaning; still, by
way of greater caution, it may have been inserted. It was said
in the argument, that the laws of different states have differ-
ent provisions upon the subject of forfeiture, and that different
insurers make different provisions in their policies upon that
subject. The Legislature may perhaps have had doubt whether
the phrase " regulating the business of insurance " applied to
anything more than the mode of entering upon the contract of
insurance, and whether, if left alone, it would extend to those
provisions of law which are designed to affect the parties after
the termination of the contract. The very fact that the laws of
different states make different provisions, and that different in-
surers insert different rules in relation to forfeitures by reason of
non-payment of premium, may have been the reason why the
Legislature chose to declare, in explicit terms, that, whatever
may be the provisions of the policy relating to forfeiture, the

rule adopted by Massachusetts shall be the controlling rule, and that nothing shall be held to be in conflict with that rule.

It is not to be presumed, unless the language of the statute compels us thus to hold, that the Legislature intended that, if its citizens paid money to a corporation chartered by authority of this Commonwealth, it should not be absolutely lost and forfeited upon the happening of a certain contingency, when, if paid to a foreign company, it should, upon the happening of the same contingency, be absolutely lost and forfeited. The St. of 1861 is an act confined to corporations chartered by the authority of Massachusetts; the provisions of the act are an elaborate scheme to determine the value of a policy and the rights of the parties to it, when the contract has been terminated by failure of payment; and the most rational construction which we can give to the proviso is, that it is the provisions of the act which the Legislature meant to secure in relation to foreign companies.

To limit the language of the proviso to simply the phrase, "except the St. of 1861, c. 186," would be to give a forced and constrained construction to language which has a plain and obvious meaning. Whether the non-forfeiture act of 1861 is wise or unwise, whether or not it receives the sanction and approval of insurers and insured, we must recognize its existence, and the fact that the Legislature has taken care, in extending the laws of this Commonwealth to all contracts made by foreign insurers, that there shall be nothing in their legislation in conflict with the provision of that act. It being agreed that, if the provisions of the St. of 1861 are applicable to foreign insurers, the plaintiff is entitled to recover, there must be

*Judgment for the plaintiff.**

---

\* By the St. of 1877, *c.* 61, passed March 16, 1877, and which took effect upon its passage, it is provided that the provisions of the St. of 1861, *c.* 186 "shall not apply to life insurance companies created by the laws of other states or countries, legally transacting business in this commonwealth."