## SMITH v. MUTUAL LIFE INSURANCE CO. OF NEW YORK.

*(Circuit Court, D. Massachusetts.  January 27, 1881.)*

1. FOREIGN INSURANCE COMPANIES—LAWS GOVERNING POLICIES.

Policies of insurance issued by foreign companies doing business in Massachusetts, under the laws thereof, to citizens of Massachusetts, are governed by the laws of the states where the companies were incorporated, and where the contracts were to be performed.

2. SAME—NON-FORFEITURE LAW—MASSACHUSETTS ST. 1861, c. 186.

The non-forfeiture law of the state of Massachusetts (St. 1861, c. 186) is not made applicable to the policies of foreign insurance companies by the act of 1872, c. 325.—[ED.

*W. F. & W. S. Slocum,* for plaintiff.
*Dwight Foster,* for defendant.

NELSON, D. J.   This suit was originally brought in the superior court of Massachusetts, and was removed to this court by the defendant.   It is an action upon a policy of insurance for $3,000, issued by the defendant corporation, May 18, 1874, upon the life of Arthur R. Smith, and payable at the office of the company, in the city of New York, to his personal representatives, in 60 days after notice and proof of the death of the assured.   The case is submitted to the court upon a statement of facts agreed upon by the parties.   The plaintiff is the widow of the assured, and has become the purchaser of the policy from the administrator of her husband; and, as assignee of the policy, brings this action under the Massachusetts Statute of 1878, c. 158, which authorizes purchasers of claims sold by an executor or administrator, under license of the probate court, to sue therefor in their own names.   The defendant corporation is a life insurance company, incorporated by the laws of the state of New York, having its usual place of business in the city of New York, and has been duly authorized to do business in the state of Massachusetts, under the laws thereof.   Its business here is conducted by a general and subagents, who have received certificates from the insurance commissioner, authorizing them to transact its business within the state.   The application of the assured, a citizen of Massachusetts, was made

through the agent of the company in Springfield, and was by him transmitted to the office of the company in New York. The policy was made and executed in New York, and was sent by mail to the agent in Springfield, and there delivered by him to the assured. The policy provides for the payment of an annual premium by the assured, on or before the eighteenth of May in every year, during its continuance, and contains the provision that if the premiums shall not be paid on or before the days mentioned for the payment thereof, at the office of the company in the city of New York, (unless otherwise expressly agreed in writing,) or to agents when they produce receipts signed by the president, vice-president, secretary, assistant secretary, or cashier, then, in any such case, the company shall not be liable for the payment of the sum assured, or any part thereof, and the policy shall cease and determine, and in every case when the policy shall cease and determine, or become null and void, all payments shall be forfeited to the company. The premiums which became due prior to May 18, 1876, were duly paid, but those which became due on that day and on May 18, 1877, were never paid. Arthur R. Smith died July 24, 1877. The value of the policy on May 18, 1876, was sufficient to have continued it in force if the Massachusetts Statute, 1861, *c.* 186, is applicable. The only question in the case is whether that statute, commonly called the non-forfeiture law, is made applicable to this policy by force of St. 1872, *c.* 325. If it is, judgment is to be for the plaintiff for an amount agreed; if not, judgment is to be for the defendant.

This question has already been before this court in several cases, and in each instance it has been decided adversely to the plaintiff. The case of *Desmazes* v. *Mutual Benefit Life Ins. Co.* 7 Ins. Law Jour. 926, and the case of *Shattuck* v. *Mutual Life Ins. Co. of New York*, 7 Ins. Law Jour. 637, were decided by Mr. Justice Clifford in 1878. They were both suits upon policies of insurance issued by foreign companies doing business in Massachusetts, under the laws thereof, to citizens of Massachusetts. In elaborate and exhaustive judgments it was decided by the learned justice that the policies

were to be governed by the law of the states where the companies were incorporated, and where the contracts were to be performed, and the act of 1872 did not have the effect to extend to such policies the non-forfeiture act of 1861. The same question was again before Judge Lowell in 1879, in *Whitcomb* v. *Phœnix Mutual Life Ins. Co.* 8 Ins. Law Jour. 624, and in *Ames* v. *Manhattan Life Ins. Co.* (unreported.) The learned judge considered himself bound by the decisions of Mr. Justice Clifford, above cited, and held that the policies were not Massachusetts contracts, and were not governed by her laws. The facts in this case are almost exact counterparts of those in the other cases. Certainly there is no material difference between them. In the case of *Morris* v. *Penn Mutual Life Ins. Co.* 120 Mass. 503, decided in 1876, the supreme judicial court arrived at a different conclusion upon this question from that reached by Mr. Justice Clifford, and it was there held that the act of 1861, by force of the act of 1872, applied to foreign as well as domestic companies doing business in the state. The effect of that decision was considered in *Desmazes* v. *Mutual Benefit Life Ins. Co.*, and was not deemed binding on this court. The learned and well-considered brief of the counsel for the plaintiff has failed to convince us that we should change the rule of law adopted by this court upon full consideration, and since so frequently re-affirmed and acted upon.

Judgment for the defendant.