KATE A. HOLMES *vs.* CHARTER OAK LIFE INSURANCE
COMPANY.

Suffolk. November 19, 1880.— April 6, 1881. FIELD, J., absent.

The St. of 1861, *c.* 186, relating to the forfeiture of policies of life insurance, ap-
plies, by force of the St. of 1872, *c.* 325, § 7, to foreign insurance companies
doing business in this Commonwealth, without regard to the question whether
the contract of insurance is made here or in the State where the company is
incorporated.

CONTRACT upon a policy of insurance upon the life of Na-
thaniel W. Holmes, payable to the plaintiff, his wife. The
policy was dated January 5, 1876, and contained the following
provisions, after stating that the consideration of the policy was
the annual premium of $39.34, to be paid on or before December
31, in every year during the continuance of the policy:

"If, at any time after three annual premiums have been paid
on this policy, default shall be made in the payment of any sub-
sequent premium, and this policy shall be surrendered within
thirty days after the expiration thereof, the company will issue
a paid-up policy therefor for an amount at least equal to the
amount of such premiums paid." "Or in case the said premi-
ums shall not be paid on or before the several days hereinbefore
mentioned for the payment thereof, then, and in every such case,
the said company shall not be liable to the payment of the sum
insured, or any part thereof, except the amount of premiums as
above recited, and this policy shall cease and determine." "In
every case where this policy shall cease, or become null or void,
all payments made thereon shall be forfeited to the said com
pany."

The case was submitted to the Superior Court upon an agreed
statement of facts, which, after stating that the policy was a
part thereof, proceeded in substance as follows:

The defendant is a life insurance company, duly incorporated
under the laws of the State of Connecticut, and having its office
and principal place of business at Hartford, in that State, where
its president and secretary and all of its directors reside, and
where all applications for insurance are sent, and accepted or
rejected. From a period prior to the date of the policy in suit,

and until after the death of Holmes, the defendant had a general agent, George B. Hilliard, in Boston, duly appointed in accordance with the laws of this Commonwealth.

On December 31, 1875, Nathaniel W. Holmes made application to the defendant, through Hilliard, for a policy of insurance upon his own life, for the benefit of the plaintiff. This application was signed by Holmes and sent by Hilliard to the company at Hartford, where it was accepted by the defendant, and a policy for $2500 was made and issued by the defendant to Holmes on that date. The policy was signed by the president and secretary of the defendant at Hartford, and sent to the agent at Boston, by whom it was countersigned and delivered to the assured, upon payment to the agent of the premium due at the date of the policy.

The annual premium, due December 31, 1876, was also duly paid the defendant company through said agent at Boston, and no further premiums were ever paid on the policy. Notice was duly sent, through said general agency, when the premium due December 31, 1877, became due.

Holmes died on May 3, 1879, and due notice and proof of his death were given by the plaintiff to the defendant on May 15, 1879.

It is further agreed, if the court shall hold that the Mass. St. of 1861, *c.* 186, is applicable to the facts of this case, the net value of the policy at the time of nonpayment of the premium was sufficient, according to that statute, to have kept the policy in force beyond the time of the death of the insured.

If, upon the above facts, the plaintiff was entitled to recover, judgment was to be entered for $2416.02, with interest at six per cent per annum from August 15, 1879, and costs of suit; otherwise, judgment for the defendant, and costs.

The Superior Court ordered judgment for the plaintiff for $2585.14; and the defendant appealed to this court.

*D. Foster & A. D. Foster,* for the plaintiff.

*H. D. Hyde,* for the defendant.

SOULE, J. It was held by this court in the case of *Morris* v. *Penn Ins. Co.* 120 Mass. 503, that, by the St. of 1872, *c.* 325, § 7, the provisions of the St. of 1861, *c.* 186, were extended to foreign life insurance companies doing business in this Commou-

wealth. The substance of that decision, so far as it affects the case at bar, is that all policies of insurance issued by such foreign companies to persons resident in this Commonwealth are subject to the provision of the last-named statute, that they shall not be forfeited or become void by the nonpayment of premiums, till the expiration of a term for which the net value of the policy, to be ascertained in a manner fixed by the statute, would be a proper single premium for a policy of the same amount on the life of one of the age of the assured at the time of the lapse of premium. It is said in the opinion of the court that " it is not to be presumed, unless the language of the statute compels us thus to hold, that the Legislature intended that, if its citizens paid money to a corporation chartered by authority of this Commonwealth, it should not be absolutely lost and forfeited upon the happening of a certain contingency, when, if paid to a foreign company, it should, upon the happening of the same contingency, be absolutely lost and forfeited." By doing business in the Commonwealth on the terms prescribed by statute as to the appointment of agents to accept service of process, and in other particulars, the defendant corporation accepted for itself, and agreed to be subject to, all the provisions of statutes relating to the business of foreign companies done in this Commonwealth, or with persons resident here. All contracts for insurance thereafter made with residents here were subject to the terms of the statutes, and must be construed with those statutes in view, without reference to the question whether they were in fact made in this State or in Connecticut. It would be a strange construction which should permit companies, which had availed themselves of the privileges of the statute, to escape the obligations and liabilities imposed by them by making and delivering their policies out of the State, when by its express terms the statute applies to all contracts made with residents of the State. The question is not where was the contract made, as seems to have been supposed in one part of the opinion in *Desmazes v. Mutual Benefit Ins. Co.* 7 Ins. L. J. 926, decided by Mr. Justice Clifford, and in *Whitcomb* v. *Phœnix Ins. Co.* 8 Ins. L. J. 624, decided by Lowell, J. The point which we decide is, that, by accepting the permission given by the statutes to do business in this Commonwealth, the defendant became bound by

the condition attached to the privilege that all policies issued by it to residents of this Commonwealth should be subject to the provisions of the St. of 1861, *c.* 186, known as the "non-forfeiture law."

As the policy was subject to the provisions of that law, and would have been forfeited by the failure to pay the premium but for that law, and as the net value of the policy was sufficient, according to that law, to keep the policy in force till after the death of the assured, the plaintiff was entitled to recover.

*Judgment affirmed.**

---

* By the St. of 1877, *c.* 61, passed March 16, 1877, and which took effect upon its passage, it is provided that the provisions of the St. of 1861, *c.* 186, "shall not apply to life insurance companies created by the laws of other States or countries, legally transacting business in this Commonwealth." The St. of 1880, *c.* 232, § 6, provides that the provisions of the St. of 1861, *c.* 186, shall not apply to any policy issued subsequent to December 31, 1880.