No. 19,957.

THE CITY OF WICHITA, *Plaintiff*, v. THE WICHITA RAILROAD & LIGHT COMPANY et al., *Defendants*.

SYLLABUS BY THE COURT.

1. CITY COMMISSIONERS—*Right to Examine Books, Records, etc., of Public Utility—Statute Construed.* Chapter 114 of the Laws of 1907 is prospective in its purpose and not retrospective, and the provisions in subdivision 5 of section 114 therein, declaring that city commissioners shall have access to and the right to examine all books, receipts, files, records, and documents of any public utility, the franchise of which has been extended, for the purpose of verification and to correct the same if found erroneous, has no application to a public utility whose franchise was extended by an ordinance passed and accepted in 1903, one of the conditions of such extension being that the grantee should once in each year file with the city clerk a detailed statement, properly verified, showing its operating expenses and earnings.

2. SAME — *Verified Annual Statements Filed* — |Satisfies *the Statute*. Where a public utility corporation has complied with the provisions of an ordinance extending its franchise and providing for the filing with the city clerk of verified annual statements, showing its receipts and disbursements, mandamus will not lie to compel the corporation to submit its books and records to the city for inspection for the purpose of verifying the correctness of such statements.

Original proceeding in mandamus. Opinion filed November 6, 1915. Motion to quash writ allowed.

*James A. Conly,* city attorney, *Earl Blake,* and *Robert C. Foulston,* both of Wichita, for the plaintiff.

*Kos Harris, V. Harris,* both of Wichita, *L. S. Ferry, T. F. Doran,* and *J. S. Dean,* all of Topeka, for the defendants.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus in which the city of Wichita seeks to compel the street railway and light company to permit an audit and inspection of its books and documents, showing its gross receipts and disbursements for each of the years 1903 to 1913, inclusive. Before commencing the proceeding the commissioners of the city adopted a resolution reciting that it had been made to

appear that a considerable amount of money is due the city. from the defendant under the provisions of section 170 of chapter 122 of the Laws of 1903, which required the defendant to pay into the city treasury ten per cent of its earnings over and above ten per cent earnings on its investment. The case is submitted here on a motion to quash the writ.

The ordinance extending defendant's franchise was passed in April, 1903. It is conceded that this extension was made under the provisions of sections 169 and 170 of chapter 122 of the Laws of 1903, which in general terms authorized the city to require from such a company a report once in six months. The ordinance itself expressly requires the defendant once in each year to file with the city clerk a detailed statement, properly verified, showing its operating expenses and earnings. It is admitted in the writ that defendant has made such detailed statements as required by the ordinance. The claim of the city is that it is entitled to inspect the books and records of the defendant for the purpose of verifying these statements. The contentions of the defendant are: first, that there is no public duty specially enjoined upon it by law which the writ seeks to enforce; second, that the city has a plain, adequate remedy at law, and therefore the writ should be denied. The defendant readily admits that if there is any statutory or common law that casts upon it the duty of submitting its books and documents for the inspection of the public officers then mandamus is the proper remedy. In 1907 the legislature provided an additional requirement in reference to public service franchises, as follows:

"Said board [board of commissioners] shall also have access to and the right to examine all books, receipts, files, records, and documents of any such grantee to verify the correctness of such semiannual statement and to correct the same if found to be erroneous." (Laws 1907, ch. 114, § 114, subdiv. 5, Gen. Stat. 1909, § 1330, subdiv. 5.)

The city contends that the law of 1907 applies to the extension of defendant's franchise granted in 1903. The act of 1907 was prospective in its purpose and not retrospective. In *Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028, it was said:

"Generally, a statute will be construed as applying to conditions that may arise in the future. An act will not be given a retrospective operation unless the intention of the legislature that it shall so operate is un-

equivocally expressed." (Syl. ¶ 1. See, also, *Howe v. Howe*, 179 Mass. 546, 552, 61 N. E. 225.)

There is nothing in the language of the act of 1907 to indicate an intention of the legislature to make this provision apply to franchises extended prior to that time. As suggested, it is more in the nature of a legislative recognition of the absence of any such requirement in previous enactments.

The motion to quash must be allowed on the ground that no duty imposed by law is sought to be enforced, and that the city has a plain, adequate remedy by which it may obtain the information desired. It may accomplish this by a suit against the defendant for any balance claimed to be due or for an accounting. The court, where such an action was pending, would have the authority to compel the production of defendant's books and papers. The action here is nothing more than a suit in the nature of a bill of discovery. If the writ were granted and an inspection of defendant's books and records disclosed that the statements furnished were true and correct, that would end the matter; no further relief would be sought by the city. If an inspection led the city to believe that there are moneys due from the defendant, another suit would be necessary to enforce its claim, unless the defendant settled voluntarily upon terms satisfactory to the city. It can obtain no relief by the granting of a writ in this case except to discover evidence upon which to found an action or claim against the company. The city commissioners act as a public utilities commission, since defendant is a public utility operating wholly within the city. The city, however, is not seeking in this action to regulate a public service corporation, nor to compel the performance of any public duty imposed upon defendant by law. On the contrary, it is seeking to enforce a right of contract, or to secure evidence to enable it to enforce such a right. It is well recognized that every municipal corporation exercises dual functions: one in its capacity as a governmental body; the other in its proprietary capacity. Plaintiff's right under the ordinance and laws to be paid a percentage of defendant's receipts is a proprietary right and not one inhering in the exercise of governmental power. In this respect its rights are governed by the same rules that apply to contracts made by an individual or a private corporation.

The writ of mandamus, the allowance of which is largely discretionary, can not be employed as a bill of discovery. For the reasons stated, the motion to quash the writ is allowed.