Lightner v. Insurance Co.

No. 19,846.

CATHERINE LIGHTNER, *Appellant,* v. THE PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, *Appellee.*

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Grace in Payment of Premiums—Sundays.* Under
the terms of a life insurance policy giving one month—not less than
30 days—grace in the payment of premiums, when the last day of
grace falls on Sunday the insured has the following day in which to
make payment.

2. SAME—*Nonpayment of Premiums—Forfeiture—Waiver.* Forfeiture,
for nonpayment of a premium due on a life insurance policy which
was issued by an agent at Grand Island, Neb., and which pro-
hibits the waiver of any of its conditions except by certain named
officers and provides that no agent has power to extend the time for
paying a premium or to waive any forfeiture or to bind the company
by making any representation, can not be waived by statements to
the insured or to the beneficiary concerning the obligations of the
company or the rights of the insured under the policy made by
another agent at Abilene, Kan., who had nothing to do with issuing
the policy or with receiving payment of the premiums thereon and to
whom no premium was paid.

3. SAME. In this case the forfeiture of the life insurance policy was not
waived by the company's failure to take some affirmative action de-
claring such forfeiture.

4. SAME—*Statute—Not Retroactive.* Chapter 212 of the Laws of 1913
has no application to a life insurance policy issued in Nebraska in
1912.

Appeal from Wyandotte district court, division No. 3;
HUGH J. SMITH, judge. Opinion filed January 8, 1916.
Affirmed.

*Paul H. Ditzen,* and *L. C. True,* both of Kansas City, for
the appellant.

*David F. Carson,* of Kansas City, *William C. Michaels, D. J.
Haff, E. C. Meservey,* and *Charles W. German,* all of Kansas
City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover on a life insurance policy. Judgment was rendered in favor of the defendant on a demurrer to the plaintiff's evidence. The plaintiff appeals.

The facts admitted by the pleadings and shown by the evidence are substantially as follows: In August, 1912, Carl C. Lightner obtained from the defendant a life insurance policy in the sum of $1000, payable on his death to Catherine E. Lightner, his wife. The policy was signed at the defendant's office in New Jersey, and was applied for by and delivered to Carl C. Lightner at Grand Island, Neb., of which state he was then a resident. The premiums were $10.15 each, payable quarterly on the 28th days of February, May, August and November in each year, at the home office of the company, and might be paid to an agent of the company in exchange for official receipts signed by the president or secretary and countersigned by an authorized agent of the company. If not paid when due, the policy was void, except as therein provided. In the payment of any premium a grace of one month, not less than 30 days, was allowed, during which time the policy remained in force. The last premium paid by the insured became due August 28, 1913, and was paid September 29, 1913. The premium that became due November 28, 1913, was never paid. The policy contained this provision:

"If this policy be lapsed for nonpayment of premium it will be revived any time after the date of lapse upon written application and payment of arrears of premiums with interest at the rate of five per cent per annum, . . . provided evidence of the insurability of the insured satisfactory to the company be furnished."

About January 1, 1914, the insured authorized his sister, Mrs. Glade, to pay the premium due November 28, 1913, to the company's agent at Grand Island. She had a conversation with this agent over the telephone, in which he stated that it was necessary to pay $11.15, the extra dollar being for the expense of a medical examination of the insured. She stated that she would send him a check for that amount. This she did not do. She wrote to the insured informing him of the agent's demand. The plaintiff answered the letter and told Mrs. Glade

of a conversation she had with the company's agent at Abilene. Mrs. Glade, upon its receipt, informed the agent at Grand Island of this letter, and he replied that he could take the $10.15 but that he was positive the company would not accept it. About January 15, 1914, the defendant's agent at Abilene, Kan., told the plaintiff that there was no reason for paying for reëxamination; that the agent at Grand Island was bound to accept the premium of $10.15; that the plaintiff and the insured had no cause to worry about it at all; and that he could accept the premium and send it to Grand Island but that the plaintiff could send the money herself. The premium was not paid to the agent at Abilene. The plaintiff relied upon these statements, but did not pay the premium. No written application for revival of the policy was made, nor was any evidence of the insurability of the insured furnished at any time after December 28, 1913. Another agent of the defendant at Kansas City told the plaintiff that he could accept the premium, but nothing was paid to him. The insured died April 11, 1914. At the time of paying the August premium and for some time previous thereto he and his wife lived at 543 Greeley avenue, Kansas City, Kan., which was the then place of residence of the insured. The company never notified the insured that it intended to forfeit or cancel the policy on account of nonpayment of the November premium.

1. The plaintiff contends that the defendant by accepting, on September 29, 1913, the payment due August 28, 1913, waived the right to demand payment of premiums within the strict time limits of the policy. September 28, 1913, was on Sunday. Payment of the premium on September 29 was within the one month grace allowed by the policy. (Gen. Stat. 1909, §§ 5251, 5338; Civ. Code, § 747; 38 Cyc. 329; Notes, 14 L. R. A. 120; 23 L. R. A., n. s., 759.) Payment on that day did not waive the terms of the policy as to the time of payment under the laws of this state nor under the statutes of Nebraska as set out in the defendant's answer.

2. The plaintiff's next contention is that the company waived the right to cancel the policy without notice, because the plaintiff and the insured were misled by the acts and representations of the company's agents. This concerns the conversations which the plaintiff and the insured had with the

company's agents at Abilene and at Kansas City. Neither of these agents had anything to do with issuing the policy. We do not see wherein either the plaintiff or the insured had any right to rely on the statements made by either of these agents, or wherein they could bind the company by the statements made by them concerning the policy or the rights of the plaintiff or of the insured thereunder. So far as we are able to ascertain, all waivers of conditions of insurance policies have been made by the agents issuing the policies or by their successors or by superior agents or officers. It does not appear that the defendant's agent at Abilene belonged to either of these classes. The policy in controversy contained this provision:

"No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the president, one of the vice-presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary or one of the assistant actuaries. No modification or change shall be made in this policy except such as is in accordance with the law of the state in which the same is issued. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving any representation or information."

This was notice to the plaintiff and to the insured of the limited authority of the defendant's agents. The statements of the agent at Abilene concerned the construction of the policy, and did not change or waive any of its provisions. The agent at Grand Island insisted on the payment of what was necessary to procure a medical examination of the insured in order to satisfy the company of his insurability. Neither the plaintiff nor the insured was misled by the policy or by the agent at Grand Island. Under these circumstances, before the agent at Abilene could waive the conditions of the policy, even if he had authority so to do, he must have received the premium which he said was due. (*Cohen v. Insurance Company*, 67 Tex. 325, 3 S. W. 296; *Ware v. Millville Fire Ins. Co.*, 45 N. J. Law, 177; *Lantz v. Insurance Co.*, 139 Pa. St. 546, 21 Atl. 80, 10 L. R. A. 577, 582; 2 May on Insurance, 4th ed., § 362.) These conservations did not waive any condition of the policy.

3. The plaintiff argues that the company waived the right to cancel this policy by failing to take some affirmative action to declare the policy forfeited and by failing to issue a paid-up policy to the insured. The policy by its terms provided for its termination in default of the payment of premium. It was not necessary for the defendant to take any affirmative action to declare the policy forfeited on such default. (2 Joyce on Insurance, § 1106.)

4. The plaintiff's last argument is that the company failed to send the insured notice of its intention to declare the policy forfeited as required by the laws of this state, and for that reason the policy was not forfeited or canceled. The plaintiff said: "We urge the court to decide this point because it is a vital question in this case, and one which when decided will probably determine this action." Section 1 of chapter 212 of the Laws of 1913 reads as follows:

"It shall be unlawful for any life insurance company other than fraternal, doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of the nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same."

Section 2 in part reads:

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policy holder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policy holder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for, shall be null and void."

The policy in controversy is a Nebraska contract and its provisions are governed by the laws in effect in that state when the policy was issued. (*Grevenig v. Washington Life Ins. Co.,* 112 La. 879, 36 South. 790; *Smith v. Mut. Life Ins. Co. of N. Y.,* 5 Fed. 582; 1 Cooley, Briefs on the Law of Insurance, pp. 655-660; 3 Cooley, Briefs on the Law of Insurance, pp. 2290-2293; 25 Cyc. 747, 748; 7 Encycl. U. S. Sup. Ct. Rep. 105.) The presumption is that the laws of Nebraska are now the same as ours. No statute similar to ours has been cited

to us as being in existence in Nebraska. We have examined the laws of Nebraska and are unable to find a similar law in existence in that state. We should not be compelled to resort to presumptions in such a matter when the fact can be ascertained definitely.

Disregarding the law of Nebraska, does chapter 212 of the Laws of 1913 control this policy? It was issued in August, 1912. The statute makes a radical change in the terms of the policy, a change which affects the rights of the parties thereto, and which, if intended to apply to policies issued before the passage of the act, must be held in violation of section 10 of article 1 of the constitution of the United States prohibiting the states from passing any law impairing the obligation of contracts. (*Shaw v. Berkshire Insurance Co.*, 103 Mass. 254; 2 Joyce on Insurance, § 1105.) There is nothing in the act, however, to show that it is intended to apply to any policies except those issued after its passage.

"Generally, a statute will be construed as applying to conditions that may arise in the future. An act will not be given a retrospective operation unless the intention of the legislature that it shall so operate is unequivocally expressed." (*Douglas County v. Woodward*, 73 Kan. 238, syl. ¶ 1, 84 Pac. 1028; *City of Wichita v. Railroad & Light Co.*, 96 Kan. 606, 152 Pac. 768.)

(See, also, *Hope Mut. Ins. Co. v. Flynn*, 38 Mo. 483, 90 Am. Dec. 438; *Germania Life Ins. Co. v. Peetz*, [Tex. Civ. App. 1898] 47 S. W. 687; 2 Joyce on Insurance, § 1179.) Under the policy, it was not incumbent on the defendant to give the plaintiff or the insured thirty days' notice of its intention to forfeit or cancel the same.

We have examined all matters presented by the plaintiff, and are unable to agree with her in any of her contentions.

The judgment is affirmed.