No. 21,059.

THE STATE OF KANSAS, *Appellee*, v. THE UNITED STATES TRUST COMPANY OF NEW YORK, *Appellant*.

SYLLABUS BY THE COURT.

INHERITANCE TAX—*Nonresident Testator—Stocks in Domestic Corporation—Present Law Not Retroactive.* Where the will of a testator who died before the enactment of the inheritance tax law (Laws 1915, ch. 357, Gen. Stat. 1915, §§ 11203-11229) created a life estate in certain stocks of a Kansas corporation in favor of his widow, and bequeathed the remainder to such beneficiaries as might be named in a power of appointment created by his will and conferred upon his widow, the remainder thus taken is part of the testator's estate, and is specifically exempted from the payment of the inheritance tax by section 23 of the act, notwithstanding the power of appointment was exercised after the act took effect.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 10, 1917. Reversed.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* and *John L. Hunt,* assistants attorney-general, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action by the state to collect a sum of money alleged to be due under the inheritance tax law of 1915 upon the transfer of certain shares of stock in the Santa Fe railway. The state's claim to the tax is thus founded: Simon Lavanburg, a citizen of New York, died in 1904, bequeathing a life interest in this stock and other property to his widow, and bestowing upon her the power of appointment of beneficiaries to enjoy the remainder of his estate after her death. To these beneficiaries to be named by her he bequeathed this remainder, and provided for the disposition of that remainder if his widow failed to exercise the power of appointment. The will reads:

"Third: Upon the death of my said wife I direct my executors to pay over the principal of such trust fund, or as much thereof as may then remain in their hands, to such corporations or individuals, and in such amounts, as my said wife shall by her last will and testament direct, and I give, devise and bequeath the same accordingly.

"In the event of the failure of my said wife to dispose of the whole or a part of said principal of said trust fund, then and in that case I direct my executors to divide the same in manner hereinafter provided."

Simon Lavanburg's widow, also a resident of New York, died in May, 1915, and in her will she exercised the power of appointment conferred upon her by her husband's will. Pursuant thereto the Santa Fe stock belonging to her husband's estate has been transferred by the defendant trust company, and the question for review is whether the state is entitled to the tax under these circumstances. Pending the outcome of this action, the sum in controversy has been deposited in a Topeka bank by negotiations of counsel for the parties.

The first inheritance tax law of 1909 (Laws 1909, ch. 248, Gen. Stat. 1909, §§ 9265-9291), repealed by chapter 330 of the Laws of 1913, has no bearing on the case. The present inheritance tax law (Laws 1915, ch. 357, Gen. Stat. 1915, §§ 11203-11229), which took effect on April 10, 1915, governs, if the state's claim falls within its terms.

The district court rendered judgment for the plaintiff on an agreed statement of facts, and the defendant appeals. Only the questions of law require our attention, and the chief and controlling one of these arises on the effect of section 23 of the act, which provides: "This act shall not apply to estates of persons deceased prior to the taking effect hereof."

It seems clear that the legislature intended that this statute was to operate prospectively. That would ordinarily follow, not because a retroactive effect could not be given, but that such construction is never given unless the legislative intent to do so is clear and unequivocal. (*Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028; *City of Wichita v. Railroad & Light Co.*, 96 Kan. 606, 152 Pac. 768; *Lightner v. Insurance Co.*, 97 Kan. 97, 102, 154 Pac. 227.) To whose estate did this Santa Fe stock belong? To that of Simon Lavanburg, who died long before the enactment of the inheritance tax law, or to that of his widow, who died after its enactment?

Undoubtedly the stock belonged to the estate of Simon. He disposed of it absolutely by his will—a life estate to his widow, and the remainder as set forth above.

It is true that it was after the enactment of the law of 1915 that Lavanburg's widow exercised the power of appointment, but it is not possible, without ignoring or minimizing the fair intendment of section 23, to find language in the statute to warrant the imposition of the tax upon the exercise of that power or upon the taking of the stock by the beneficiaries under its exercise. What language in the statute will bear that interpretation? Counsel for the state contend that section 1 of the act fixes the tax and section 2 fixes the liability of the executor to pay it. We do not thus read section 1. It merely provided that all property (of persons dying after the act takes effect) which passes by will or intestate succession, and gifts made in contemplation of death, with certain exceptions, are liable to the tax in the specified classes and percentages therein set forth. Section 2 concerns the payment of the taxes due under the act.

Section 3 touches the proposition. It reads:

"In every case where there shall be a bequest or grant of personal estate made or intended to take effect in possession or enjoyment *after the death of the grantor*, to take effect in possession or come into actual

enjoyment after the expiration of one or more life estates or a term of years, whether conditional upon the happening of a contingency or dependent upon the exercise of a discretion or subject to a power of appointment or otherwise, the executor, administrator or grantor may deposit with the county treasurer a sum of money sufficient in the opinion of the tax commission to pay all taxes which may become due upon such bequest or grant," etc.

Section 27 contains some definitions and rules of interpretation:

"The words 'estate' and 'property,' as used in this act, shall be taken to mean the real, personal and mixed property or interest therein of the testator, intestate, grantor, bargainor, vendor or donor which shall pass or be transferred to legatees, devisees, heirs, next of kin, grantees, donees, vendees, or successors, and shall include all personal property within or without the state. The word 'transfer,' as used in this act, shall be taken to include the passing of property or any interest therein in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift or appointment in the manner herein prescribed. The word 'decedent,' as used in this act, shall include the testator, intestate, grantor, bargainor, vendor or donor."

Another section (§ 13), somewhat pertinent, reads:

"If a foreign executor, administrator or trustee assigns or transfers any stock in any national bank located in this state or in any corporation organized under the laws of this state, *owned by a deceased non-resident at the date of his death and liable to a tax under the provisions of this act*, the tax shall be paid to the county treasurer of the proper county at the time of such assignment or transfer; and if it is not paid when due, such executor, administrator or trustee shall be personally liable therefor until it is paid."

Section 3 relates to the estates of persons who have died since the enactment of the statute, and the language, "whether conditional upon the happening of a contingency or dependent upon the exercise of a discretion or subject to a power of appointment or otherwise," is a dependent and qualifying phrase which relates to the bequests and grants made by the grantor and which take effect after the grantor's death. The shares of stock sought to be taxed are of that nature, except that they pertain to an estate of one who died prior to the enactment. The bequest of the remainder of them was to take effect according to the will of Simon "after the expiration of one or more life estates or a term of years," as the statute reads, and were "dependent upon the exercise of a discretion" and "sub-

ject to a power of appointment." And section 27 declares that the word—

"'Property' . . . shall be taken to ·mean the . . . interest . . . of the testator . . . or donor. . . . The word 'transfer' . . . shall . . . include the passing of property [of the testator] or any interest therein . . . by . . . gift or appointment in the manner herein prescribed."

Read this statute as we may, we are turned back on every view to the "estate of the testator," "property" of the "testator" or "donor," the "property" or "interest" of the "donor" upon which the legislature would impose a tax before it will consent to the passing of the testator's or decedent's property to the beneficiary, and the act avowedly does not care how it passes—whether by will, intestate succession or by appointment. Not only does the act expressly exempt from its terms the estates and property of persons deceased before its enactment, but it must be held that it exempts every interest therein. (§ 27.) Certainly a power of appointment —the right to designate a beneficiary of a bequest of property —is an interest in the property. In whose property is it an interest? Surely it is an interest in the property of the testator—of the person who created the power of appointment.

We are asked to hold that the tax is due because the property of one who died before the law was encated now passes to a person named in a power of appointment *created* before the adoption of the act but *not exercised* until after the act took effect. No fair interpretation of the act will warrant this. One can not read the earlier and later decisions in New York and Massachusetts, based upon earlier and later statutes of those states, cited and discussed in Ross on Inheritance Taxation, §§ 40, 78, 79, and in an instructive note in 33 L. R. A., n. s., 236, without feeling that our legislature intended to eliminate the probability of such controversies when it incorporated section 23 in the Kansas statute—a provision not found in other inheritance tax acts, and one logically conflicting with the inclusive language of the later New York and Massachusetts statutes (Laws of N. Y. 1897, ch. 284; Acts of Mass. 1909, ch. 527), which purposely reach out to tax the taking of property under the exercise of the power of the donee notwithstanding the property belongs to the estates of

persons who died before the adoption of the inheritance tax laws of those states. The plain, unequivocal terms of section 23 intend that the act of 1915 should not affect, either directly or indirectly, the estates of persons who died before its enactment.

The judgment is reversed with instructions to enter judgment for the defendant on the agreed statement of facts.