## CASON *et al. v.* OWENS.

1. A declaration filed by children against the mother, which recited that a deceased father procured a policy of life insurance in which the children were named as beneficiaries, but which, during the life of the father, and while he was non compos mentis, he was induced to change by fraud and undue influence of his wife, so as to make her sole beneficiary, and alleging the death of the father and the collection of the policy by the mother, set forth a good cause of action and should not have been dismissed on demurrer.

2. The only necessary parties to such an action were the children (the original beneficiaries) and the mother who collected and retained the amount of the policy.

Submitted January 7,—Decided January 21, 1897.

Complaint. Before Judge Van Epps. City court of Atlanta. January term, 1896.

Suit was brought by May Pauline Cason and Charles and Frank Owens, minor children of Pat H. Owens, deceased (said May Pauline suing by her husband as her next friend, and praying that he or some other proper person be appointed guardian ad litem for said Charles and Frank),

against Ruth C., their mother and the widow of Pat H. Owens, to recover money, with interest, alleged to be due them on certain insurance policies. It was alleged, that Pat H. Owens was holding policies on his life in certain insurance, or benefit, or assessment companies, to the amount of $7,500 payable to his said three children as beneficiaries, one of them, for $3,000, being in the company called the Golden Chain; that shortly before his death on March 17, 1892, the policies being in force and valid, said Ruth C., by undue influence and with intent to defraud plaintiffs, induced Pat H. to change the beneficiaries of the policies and to name Ruth C. as the sole beneficiary in the same; that at the time he made this change he was without sufficient mind to do business and to understand that particular act, and he was influenced to make said change by the fraud of Ruth C., wherefore said change of beneficiaries is null and void, and plaintiffs in law and fact are the real beneficiaries and entitled to all the proceeds of the policies; and that after his death Ruth C. collected all the money on said policies, amounting to $7,500, and now has possession of the same, and claims that it is her own and that plaintiffs have no interest therein.

The defendant demurred for want of proper parties, jurisdiction of the subject-matter, and a cause of action. The demurrer was sustained, and plaintiffs excepted.

*W. T. Moyers, J. C. Reed* and *E. P. Wood,* for plaintiffs.
*T. W. Latham* and *G. P. Roberts,* for defendant.

LITTLE, Justice.

The official report sufficiently states the facts.

1. An insurance on life is a contract by which the insurer, for a stipulated sum, engages to pay a certain amount of money if another dies within the time limited by the policy. The insured may direct the money to be paid to his personal representatives, or to his wife, or to his children or to his assignees, and upon such direction given and

assented to by the insurer, no other person can defeat the same. Civil Code, §§2114, 2116. Unless some disability to contract exists at the time, and be averred, it will be presumed that every person is able and has the right to enter into a contract of this character for the benefit of another person having an insurable interest in his life, whom he wishes to aid. The contract is legal and of a character much to be commended. The person procuring the insurance to be written has the right to name the beneficiary, and when so named, it is a contract inuring to the benefit of the beneficiary, with the right existing in the person who procured the insurance, or whose life is insured, as the case may be, to change the beneficiaries named in the contract, under such rules and regulations as have been adopted.

In the case under review, the petition alleges that the father of the plaintiffs in error procured a contract of insurance upon his life for the sum of $7,500.00, and that the plaintiffs, his children, were named as the beneficiaries thereunder. Assuming this to be true, which the demurrer filed to the proceeding admits, then these plaintiffs in error had an interest in such contract, and might under certain circumstances, even during the life of the insured, have protected such interest, while the policy was in force. They would have had the right to prevent any change being made in the beneficiaries named in the policy, except in strict accord with the terms of the contract. They would have had the right generally to make payment of premiums on the policy as such matured, so as to continue the same in force. They were not strangers to the contract. The petition alleges that while the policy of insurance was valid and in force, and at a time when the insured was non compos mentis, he was induced by another to change the beneficiaries under the policy and to make that other the sole beneficiary. It further alleges, that subsequent to the change the father died, and the other so made sole beneficiary collected the amount of such policy, retains the same and re-

fuses to pay the sum so collected over to petitioners, the beneficiaries in the original contract.

Under the common law, as well as under our statute, an insane person cannot generally make a valid contract. Civil Code, §3647. An exception is found in section 3652, that a lunatic may contract during lucid intervals. It is alleged here that the insured at the time of the change of beneficiaries was non compos mentis. Under section 5 of the Civil Code, the term *lunatic, insane*, or *non compos mentis*, each includes all persons of unsound mind. Therefore when the petition alleges that the insured, at the time he so agreed with the company and with its assent changed the beneficiaries under the policy, was non compos mentis, it alleges that he was at the time unable to make any valid contract. The naming of the beneficiaries under a contract of life insurance is a material part of the contract, the obligation of which is, that on the death of the insured, the company or association issuing the policy, in consideration of the payment of the premiums continuing it in force to the time of the death, will pay to the person or persons named as beneficiaries the sum insured. This undertaking is of the essence of the contract, and the designation of the payees is an essential stipulation. If the act of changing the beneficiary in the policy of insurance be done by the person whose life was insured, at a time when he is legally unable to contract, then, though it be done with the assent of the company and in the manner prescribed in the contract, this change in its terms will have no binding force, and the original contract will remain intact.

The petition in this case further alleges that, after the death of the father (the insured), the mother, who was sought to be made the sole beneficiary under the changed contract, collected the amount of the policy and holds the sum to her own use and refuses to pay the same over to petitioners. The argument for the defendant in error seems to rest on the ground of the inability of the bene-

ficiaries to prevent a change in the terms of a policy of life insurance which will vest the interest to be taken under it in others than those originally named, when the substitution is assented to by both the company and the assured. Undoubtedly this power of substitution exists inherently. But that is not the question in this case. The petition is not based on that theory, but on the alleged fact that the plaintiffs were beneficiaries under a certain valid policy of insurance, that while the assured from the effects of a diseased mind was legally incapable of entering into a valid contract, he agreed with the company and did under their regulations change the beneficiaries originally named. If it be true that this change was made by the assured, even though under the rules of the company and in the manner prescribed by the contract itself, at a time when he was non compos mentis—incapable of entering into any valid contract, then the agreement entered into with the company, by which the change of beneficiaries was effected and under which the substituted beneficiary received the proceeds of the policy, cannot be held to be good, because of the want of capacity in one of the parties to contract. It follows then that the original contract being in all respects valid (as alleged) it would be in force. The original beneficiaries might or might not have a right of action against the company, to be determined by circumstances the consideration of which is not raised and not involved in this case. The petition alleges the last contract, by which there was a change of beneficiaries, to be invalid; further, it alleges the death of the assured and the collection of the policy by the defendant. The action is analogous to the action for money had and received by the defendant for the use of the plaintiffs.

We have dealt of course entirely with the petition in the case, and are not to be understood as going further than to pass upon the allegations therein made. We hold that the allegations set out a cause of action; and that if the defendant in the court below is a resident of Fulton county,

the city court of Atlanta has jurisdiction of the subject-matter.

2. The demurrer was also sustained for the want of proper parties. Under the view which we have of this case, the proper parties are the beneficiaries under the policy as originally issued, as plaintiffs, and the beneficiary substituted for those originally named, as defendant, who, as alleged, collected the amount of the policy of insurance. No other parties are necessary to the adjudication of the questions raised in the petition.

*Judgment reversed. All the Justices concurring.*