Munroe v. Beggs.

---

No. 18,493.

HAZEL M. MUNROE et al., *Appellants*, v. LIZZIE M. BEGGS et al., *Appellees*.

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Change of Beneficiaries Procured by Fraud—Money Received—Action by Rightful Claimants to Recover the Money—Pleadings.* In the certificate of a member of a fraternal insurance association his wife was named as beneficiary. They were subsequently divorced and under the laws of the association she was no longer qualified to be a beneficiary or to share in the benefit provided for in the certificate, and in the absence of the designation of a new beneficiary the children of the member would have become entitled to the insurance upon his death. Before he died he designated his sisters as his beneficiaries, and shortly after his death they brought an action upon the certificate of insurance against the association and recovered a judgment, which was paid by the association. Later the children brought an action against the sisters so designated as beneficiaries to recover the fund paid to them by the association, alleging that at the time the new beneficiaries were designated the insured was weak of body and mind, and that his sisters, through fraudulent representations, had induced him to name them as beneficiaries so as to assure the payment of the money to the children, two of whom were minors, and that they procured themselves to be named not for the purpose of protecting the fund for the children but that they might obtain and appropriate it to their own use. *Held;* first, that the fraternal association was not a necessary party to the action for the recovery of the fund; second, that the petition, which recited substantially the foregoing facts, stated a cause of action against the sisters of the insured; and, third, that the limitation in the certificate that no action could be maintained on

the certificate unless it was brought within one year after the death of the member has no application to the action brought by the children to recover the fund from the sisters of the deceased member who had gained possession of it through fraud.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 7, 1914. Reversed.

*W. B. Glasse,* and *E. L. Burton,* both of Parsons, for the appellants.

*W. D. Atkinson,* of Parsons, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover $3000 which had been paid to the beneficiaries named in a benefit certificate issued by the Modern Woodmen of America. From the petition of appellants it appears that the benefit certificate was issued to John R. Munroe on April 17, 1896, and in it his wife, Ollie H. Munroe, was named as beneficiary. Three sons were born of the marriage, namely, the appellants, Charles H. and Harry H., and another named Wylie H., who died recently, leaving as his only heir his widow, Hazel M. Munroe. On May 7, 1900, a decree was entered in an Ohio court divorcing Ollie H. Munroe from John R. Munroe. Under the laws of the Modern Woodmen the granting of the divorce disqualified Ollie H. Munroe to take any benefits under the certificate, and if no change of beneficiary had been made by Munroe prior to his death his children would have become entitled to the insurance provided for by the certificate. It appears, however, that on October 13, 1908, John R. Munroe surrendered the original certificate and procured a new one to be issued in which his sisters, the appellees herein, Lizzie M. Beggs and Anna R. Wilson, were named as beneficiaries. John R. Munroe died on the first day of March, 1909. Shortly after his death proofs of death were made, and later, on August 2, 1909,

Lizzie M. Beggs and Anna R. Wilson brought an action against the Modern Woodmen of America to recover the benefit fund and obtained judgment for the sum of $3000. That judgment the association paid and a satisfaction of the judgment was entered of record in the court. It is alleged in the petition that when the proofs of death were made the sum of $3000 became due and payable to the three sons of John R. Munroe. It was averred that for a long time prior to the change of beneficiaries John R. Munroe was so weak and feeble in body and mind that he did not know the nature of his acts and understand what he was doing. It was further averred that the appellees represented to him that if he would change the beneficiary certificate and make them the beneficiaries they would, upon his death, divide the benefits equally between his three sons, but that if his former wife should receive the amount that would become due on the certificate it would not be used for the benefit of his children. It was further averred that they represented to him that as two of the children were minors the issuing of a certificate to them would result in their part of the fund being absorbed in costs in the probate court; that these representations, which were false and untrue and known to be so by appellees, caused the change of the certificate, and it was done by them to obtain the insurance money and appropriate it to their own use. It further appears that all of the sons were living at the time of John R. Munroe's death, but that the eldest son, Wylie H., died since that time and left Hazel M. Munroe, his widow, as his only heir. On the motion of appellees the court required appellants to make the Modern Woodmen of America a party defendant, holding it to be a necessary party to a complete determination of the issues involved in the action. Later a demurrer to the amended petition of appellants was sustained upon the ground that the facts stated therein did not constitute a cause of action against appellees. The appellants elected to

stand on their petition and judgment was rendered against them.

Complaint is made of both rulings. Error is first assigned on the order requiring that the association be made a party defendant. It is difficult to find any reason or necessity for bringing the association into the case. It has paid the full amount of the benefit provided for in the certificate, and paid it, too, in accordance with an adjudication of the court. If appellants have a right of action against the association because payment was made to the wrong party they are not asserting it, and no relief of any kind was asked against the association. As the case was prosecuted the association had no interest in the result, and the appellees could gain nothing by making it a party to the litigation. (*Cason v. Owens*, 100 Ga. 142, 28 S. E. 75.) Although not a necessary party the order requiring the appellants to bring the association into the case was a matter of inconvenience of which the association might have complained, but, of itself, can hardly be regarded as material error.

Did the petition of appellants state a cause of action against appellees? The contention is that the action was barred because it was not brought within one year after the death of the insured. In the agreement between the insured and the association it was provided that: "No action can or shall be maintained on this Certificate, unless brought within one year from the date of the death of said Neighbor." It is argued that this limitation superseded all statutory limitations, and that as this action was not brought within the stipulated period it was barred. This was a limitation which the association might have invoked, but did not. The amount due in the certificate had been paid by it, and the question is, Who is entitled to the fund so paid? Are the children of the insured entitled to it, or does it belong to his sisters subsequently designated as beneficiaries? The money paid by the association under the

contract with the insured belongs to the real beneficiaries, and if the fund rightly belonged to appellants, and was fraudulently secured by appellees, it is impressed with a trust which appellants may trace and recover.  According to the averments of the petition, this was a fund which had been provided for and rightly belonged to appellants, two of whom were minors, and which the appellees obtained through fraud.  If the fund had been paid into court, and rival litigants had submitted to the court the question of its ownership, it would have been determined there upon equitable principles and in a court which had all equity powers.  The same principles will control where rival parties are claiming to have been the beneficiaries and to have a right to the fund under the laws of the association, and especially where one set of claimants fraudulently obtained possession of the fund.  (*Benard v. Grand Lodge A. O. U. W.*, 13 S. Dak. 132, 82 N. W. 404; *Adams v. Grand Lodge A. O. U. W.*, 105 Cal. 321, 38 Pac. 914, 45 Am. St. Rep. 45; *Arn v. Arn*, 81 Mo. App. 133.)  A party who gains such a fund by fraud is deemed to be an involuntary trustee, and to hold it for the benefit of the one to whom it rightly belongs.  The one-year limitation in the certificate would have been available to the association in an action upon the certificate, but it has no application in an action to recover the fund which the association has already paid under the certificate and which has been wrongfully withheld by the parties to whom it was paid. .

It is next contended that the petition is bad because it is not drawn upon a single or definite theory, and, further, that there is a confusion of several theories, as well as an insufficiency of facts to sustain any of them. It is contended that the petition sets out one theory that the change of beneficiaries was ineffectual because Munroe was weak in mind and incompetent when the change was made.  Another theory, it is contended, is

45—91 KAN.

that the change was accomplished through misrepresentation and deceit and in order that appellees might obtain the fund and appropriate it to their own use. No confusion of theories is seen in these averments. The result of them is, that while Munroe was weak in body and mind he was led, by the misrepresentation and deceit of appellees, to name them as beneficiaries in place of his own children, and that they fraudulently led him to make this substitution in order that the children might certainly get the fund, when it was their purpose to deprive the children of the fund and appropriate it to themselves. The purpose of the action is to recover a fund the possession of which had been fraudulently obtained. The fraud was accomplished by misrepresenting facts and taking advantage of a weak-minded man. It was proper for the appellants to set out all the steps in the alleged fraud and everything done by appellees towards its accomplishment. There is no multiplicity of theories, nor anything to mislead the appellees or the jury or prevent them from understanding the issues to be tried. Nor is there anything material in the fact that appellants failed to allege that all the assessments made by the association had been paid, because the association had already paid the benefit, and hence the appellees are not now concerned with the possible defenses that the association might have made. (*Titsworth v. Titsworth*, 40 Kan. 571, 20 Pac. 213.) However, the fact that the association was found to be liable to pay the benefit, and has done so, fairly gives rise to the inference that compliance had been made with the rules and laws of the association in regard to the payment of fees and assessments.

It follows that the judgment of the district court must be reversed and the cause remanded for a new trial.