No. 22,446.

LIZZIE GASTON et al., *Appellees*, V. ETHEL CLABAUGH, *Appellant*, and THE MODERN WOODMEN OF AMERICA.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Agreement Not to Change Beneficiaries.* The petition examined, and held not to admit any violation on the plaintiff's part of the alleged agreement not to change beneficiaries.

2. SAME—*Statute Not Retroactive.* Chapter 208 of the Laws of 1917 is not retroactive.

3. SAME—*Evidence—Not a Conversation with Person Since Deceased.* Certain testimony of a son touching a conversation between the father and other members of the family held to have been properly received.

4. SAME—*Demurrer Properly Overruled.* There was no error in overruling the demurrer to the plaintiff's evidence or in the denial of a new trial.

5. SAME—*Equity.* The equities are in favor of the plaintiffs. (*Brown v. Modern Woodmen,* 97 Kan. 655, 156 Pac. 767.)

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed January 10, 1920. Affirmed.

*Edwin Anderson,* and *Walter M. Doggett,* both of Council Grove, for the appellant.

*M. B. Nicholson, W. J. Pirtle,* and *H. E. Snyder,* all of Council Grove, for the appellees.

The opinion of the court was delivered by

WEST, J.: Robert J. Gaston became a member of the Modern Woodmen of America in 1889, at which time he took out a policy of insurance in that order for $3,000 in favor of his wife and four children. He was killed in a railroad accident on March 28, 1918. Sometime in December, 1917, he became estranged from the members of his family, except his married daughter, Ethel Clabaugh, and took up his residence with her and her husband and entered into some kind of an agreement with them by which they were to keep him as long as he lived, and he agreed to change the beneficiary certificate in favor of Ethel Clabaugh, and the change of beneficiaries was made. The plaintiffs are his widow, Lizzie Gaston, his daughter,

Eloise, and his two sons, David and Harry Gaston. The de-
fendant is the daughter, Ethel Clabaugh. The sole contro-
versy is over the proceeds of the insurance. The Modern
Woodmen of America was made a defendant, but brought into
court the full amount of the policy and was dismissed from
the case. The trial court held in favor of the plaintiffs, and
the defendant appeals, assigning as error the overruling of the
demurrer to the plaintiffs' petition, the demurrer to the plain-
tiffs' evidence, the admission of certain evidence, and the
denial of a new trial.

It will be observed that the contest is between the benefi-
ciaries only, the insurer having absolved itself from all strife
by paying the money into court.

It is claimed that the petition was bad because containing an
admission that the plaintiffs violated the alleged agreement
with the deceased by failing to pay the assessment for Decem-
ber, 1917, and that any contract to change beneficiaries is void
under chapter 208 of the Laws of 1917. The petition alleged
that in 1912 the deceased told the plaintiffs that he would
not keep his insurance longer, and that if they wanted to
do so he was willing, and if they would keep the policy in
force he would not change beneficiaries; that he paid the
assessment for December, 1917, but that the plaintiffs paid
all the others after 1912. One of the plaintiffs testified that
he went to pay the December, 1917, assessment and learned
that it had been paid, also the January and February assess-
ments. We find nothing in the petition admitting any vio-
lation on the plaintiff's part of the alleged agreement not
to change beneficaries. Again, this was said to have been
made in 1912, and the statute against agreements not to
change beneficiaries was not enacted until 1917, and it con-
tains nothing indicating any intention that it was to be ret-
roactive. The presumptions are against retroactive inten-
tions unless they are clearly expressed. (*Douglas County v.
Woodward,* 73 Kan. 238, 84 Pac. 1028; *Dunn v. City of Leon,*
74 Kan. 896, 87 Pac. 1149; *City of Wichita v. Railroad &
Light Co.,* 96 Kan. 606, 607, 152 Pac. 768; *Lightner v. Insur-
ance Co.,* 97 Kan. 97, 101, 154 Pac. 227; *The State v. Trust Co.,*
99 Kan. 841, 843, 163 Pac. 156.)

David Gaston was permitted to testify, without objection, that—

"In 1913, at my father's home . . . in the presence of my mother and sister, Eloise, we had a conversation with my father concerning this policy. In that conversation father said he was not able to keep up the payments, and he was going to have to drop it. We did not want him to do that. He made the remark, 'If you folks want to keep it up, keep it up and you can have the insurance,' and we did so."

"Q. Who was he talking to about it? A. He was talking to mother and my sister.

"Q. Which sister? A. Eloise."

While this witness may have been testifying in his own behalf, it can hardly be said it was concerning any personal communication with the deceased. (Gen. Stat. 1915, § 7222.) His remarks in his examination in chief indicated that he joined in the conversation, but his cross-examination seems to show that the talk was between the father and the mother and sister. While this testimony was not objected to, there was a motion made to strike out, which was overruled; but following the rule that evidence is to be admitted rather than excluded, unless its exclusion is clearly required under this statute, there was no error. (*Hess v. Hartwig,* 89 Kan. 599, 132 Pac. 148; *Cadwalader v. Pyle,* 95 Kan. 337, 148 Pac. 655; *Harris v. Morrison,* 100 Kan. 157, 163 Pac. 1063; *Sipe v. Sipe,* 102 Kan. 742, 173 Pac. 13; *Collins v. Hayden,* 104 Kan. 351, 179 Pac. 308.)

The defendant's demurrer to the plaintiffs' evidence was—

"For the reason that the evidence clearly shows that all the members of the family that paid any assessments were living together and as a part of the family and as such had no personal earnings that they put into these premiums. And, furthermore, the evidence shows that they did not pay the premiums in the months of December, 1917, January, February and March, 1918, nor offer to pay them."

The evidence was to the effect that the plaintiffs were to pay the assessments and the policy was to be left without change of beneficiaries, and that the assessments up to December, 1917, were paid by the plaintiffs, and would have been paid afterwards by them had not word been received that someone else had attended to them. There was no error in overruling the demurrer.

The complaint that it was error to render judgment in favor

of the plaintiffs is possibly on the theory that any agreement not to change the beneficiaries is null and void under the by-laws of the insurer, but the company which made these by-laws is not in condition to complain, having paid the amount of the policy into court, and the defendant does not stand in its shoes, and is not entitled to benefits which the association, if a party litigant, might possibly derive from this provision in its by-laws. (*Titsworth v. Titsworth,* 40 Kan. 571, 20 Pac. 213; *Munroe v. Beggs,* 91 Kan. 701, 706, 139 Pac. 422; 29 Cyc. 135.) No reason other than this is indicated or advanced by counsel why the motion for a new trial should have been sustained, and we perceive no error in the court's ruling thereon.

Aside from the legal principles already decided, the equities of the case are in favor of the plaintiffs and strong enough to turn the scale if they were alone before us for consideration. (*Brown v. Modern Woodmen,* 97 Kan. 665, 156 Pac. 767; *Sovereign Camp of Woodmen of the World v. Webb,* 252 Fed. 191, 193; Note, L. R. A. 1916E, 588.)

The judgment is affirmed.