No. 34,053

Dolly Tivis, *Appellee*, v. Daisy Hulsey, *Appellant*.

(84 P. 2d 862)

Opinion filed December 10, 1938.

*Wm. H. McHale* and *Thomas H. Finigan,* both of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action to recover a part of the proceeds of certain insurance policies. A jury trial resulted in judgment for plaintiff. The principal defendant has appealed.

The facts may be summarized as follows: Thaddeus Hulsey, hereinafter called the assured, was an employee of Swift & Company for many years. Under a group-insurance plan of that company he took out two policies of $2,000 each in the Aetna Life Insurance Company and named as his beneficiary his wife, Maggie Hulsey. Thereafter, and in October, 1928, Maggie Hulsey died, and in April, 1930, the assured had his niece, Ruth Hulsey, designated as beneficiary. In December, 1930, the assured married, and soon thereafter had his second wife, Mattie Hulsey, designated as beneficiary. Mattie Hulsey died November 11, 1933, and on December 20, 1933, the assured had the plaintiff, Dolly Tivis, his cousin, designated as beneficiary for one-half of the proceeds of the policies, and William Hulsey, Jr., his nephew, for one-half. On January 3, 1935, the assured married again, and on January 16, 1936, had the beneficiaries changed in his policies, naming his third wife, Daisy Hulsey, defendant here, as beneficiary for one-half the proceeds, his nephew, William Hulsey, Jr., for one-fourth, and his stepdaughter, Magdalene Reeves, for one-fourth. These were the beneficia-

ries named in the policies when the assured died, February 17, 1936. Daisy Hulsey collected $2,000 of the proceeds of the policies, of which $930.36 was on deposit in a bank when this action was brought, and this fund has been impounded by a court order pending the outcome of this action. William Hulsey, Jr., and Magdalene Reeves each received $1,000 of the proceeds of the policies.

Plaintiff brought this action against the three last-named beneficiaries. As a basis for her claim she alleged that her home is in Wichita, that beginning in 1927 and continuing until the fall of 1934, at the request of the assured, she went to his home at Kansas City repeatedly and remained there, doing his housework, mending his clothes, preparing his meals, and waiting upon him, and on many occasions would take the assured, who was an aged man, to her home at Wichita, where she would provide him with food, lodging and the conveniences of life; that in December, 1933, the assured agreed with plaintiff that he would name plaintiff as a beneficiary in his insurance policies to the extent of $2,000, and that he would not cause the beneficiaries to be changed to any other person; that this was to be in payment of the many services performed for the assured by plaintiff; that soon thereafter the assured did name as beneficiary the plaintiff, and that the designation of plaintiff as such beneficiary remained in full force and effect until January 16, 1936, when some person, unknown to plaintiff, caused the names of the beneficiaries to be changed to Daisy Hulsey, William Hulsey, Jr., and Magdalene Reeves, in violation of assured's agreement with plaintiff; that the agreement was oral and relied upon by plaintiff; and that by reason of the facts stated plaintiff has been damaged in the sum of $2,000. It was alleged that each of the defendants was insolvent and that a part of the proceeds was in a certain bank. The prayer was for judgment against defendants in the sum of $2,000 and that the money in the bank be applied upon the judgment.

A demurrer to the petition was overruled. The answer of Daisy Hulsey admitted the policies were issued; alleged she married the assured in January, 1935, and lived with him until his death, at which time she was a beneficiary named in the policies for one-half the proceeds thereof; generally denied other allegations of the petition, and specifically denied plaintiff performed any services for the assured from 1927 to 1934, as alleged, and pleaded the provisions of the policies to the effect that proceeds were payable to the bene-

ficiaries last named therein, and giving the assured the right to change the beneficiaries at any time under and subject to the terms of the policies.

It is not necessary to review the evidence further than to state that there was an abundance of competent evidence to sustain the allegations of the petition respecting the contract with the assured in December, 1933, and the services she performed for him both before and after that date. On this appeal there is no contention that such evidence was insufficient. There was evidence also tending to show that after her marriage to the assured appellant exerted herself to break the friendly and contractual relations between plaintiff and the assured, and succeeded in doing so to the extent that eventually he changed the beneficiaries in his policies from plaintiff to appellant, and that he did this against his wish and to his regret, later expressed. At the trial it was admitted the fund impounded in the bank was part of the proceeds of the policies received by Daisy Hulsey, and judgment was rendered against her for $2,000 in favor of plaintiff, and that the fund in the bank be applied upon the judgment. The action was dismissed as to the other defendants.

Defendant's demurrer to the evidence was overruled, also her motion for a directed verdict and her motion for a new trial. All these rulings are complained of here, but since they raise substantially the same legal questions, those questions will be treated together.

Although made under more subdivisions, appellant's argument is to this effect: Under the terms of the policies the assured had the right to change the beneficiary, and payment was to be made to the last-named beneficiaries; that under such a policy the beneficiary named therein has no vested interest in the policy prior to the death of the assured. Many authorities are cited in support of these propositions, and they may be conceded to state the general rule. It is further argued that if the assured breached his contract with plaintiff her remedy was an action for damages for such breach, and it is argued that under our statute (G. S. 1935, 40-414, and cases construing it) the proceeds of the policies were exempt from the payment of claims of this character against either the assured or the beneficiaries last named in the policies.

We are not concerned here with whether the plaintiff might have maintained an action against the assured for a breach of the contract. That question is not before us. We are concerned here with

whether plaintiff can recover against defendant in this action. In this case the insurance company had paid the amount due on the policies. No one has any controversy with it; it is not a party to this action.

The action is between rival claimants of the proceeds of the policies. In such a case, where rights are claimed by reason of a contract made with the assured, the contest involves the relative rights of the claimants and may become one purely of equitable cognizance and determination. (*Brown v. Modern Woodman,* 97 Kan. 665, 156 Pac. 767.) A vested interest in a policy may be acquired by contract not to change a beneficiary, made upon valuable considerations. (*Sipe v. Sipe,* 102 Kan. 742, 173 Pac. 13.) In such a case the proceeds of the policy become a trust fund, which may be followed by the rightful claimant. (*Exchange State Bank v. Poindexter,* 137 Kan. 101, 19 P. 2d 705.) Here the evidence established that the agreement was made as alleged by plaintiff, and also showed a valuable consideration therefor. The result is plaintiff then acquired a vested interest in the policies, and plaintiff was entitled to follow the proceeds thereof and recover them from one who obtained them, at best, as a mere gratuity. Other cases sustaining these views are: *Savage v. Modern Woodman,* 84 Kan. 63, 113 Pac. 802; *Munroe v. Beggs,* 91 Kan. 701, 139 Pac. 422; *Gaston v. Clabaugh,* 106 Kan. 160, 186 Pac. 1023; *Kansas City Life Ins. Co. v. Wilkinson,* 125 Kan. 305, 264 Pac. 37.

We see nothing in this case to take it out of the rule announced and applied in these cases.

The judgment of the court below is affirmed.