67392. ROUSE v. CRUM et al.

DEEN, Presiding Judge.

Joey Rouse brought this action against Stella Crum, C. A. Crum, and Deloris Crum, alleging that because of undue influence exerted by the Crums, Roy Rouse, Joey's late father, had deleted Joey as the beneficiary of a life insurance policy and had named Deloris Crum

instead. The trial court directed a verdict for the Crums, from which Joey Rouse appeals.

Roy Rouse suffered a heart attack in January 1981, and during his hospitalization from that condition lung cancer was also discovered. His death ultimately resulted from that cancer on October 18, 1981. After his heart attack, Roy Rouse had lived mostly with his friend, Marie Turner; however, for approximately three weeks prior to his final hospitalization in September 1981, he had resided with his sister, Stella Crum, and her family. It appears further that one of the Crums usually stayed with Roy Rouse during that final hospitalization. There was some evidence that Roy Rouse had maintained ill feelings toward the Crums for 9 years prior to his brief stay with them. The alleged source of this ire had been the Crums' efforts to prevent Roy Rouse or any others from inheriting anything from their mother.

During the summer of 1981, Roy Rouse told Joey Rouse and his sister, Donna Brogdon, that he had named them as beneficiaries on two insurance policies; prior to that, they had understood that Marie Turner was the named beneficiary. Roy Rouse also had his bank account converted into a joint account with Donna Brogdon at that time. As it became apparent that Roy Rouse would not survive, Donna Brogdon contacted her father's former employer at the City Hall, through which one life insurance policy was maintained, contemplating arrangements for paying the expenses of her father's last illness and burial; she was informed by a City Hall employee that on October 9, 1981, Roy Rouse had named Deloris Crum as beneficiary of the policy. (The other insurance policy was a burial policy, and Roy Rouse had made prior arrangements for the funeral home to receive the proceeds from that policy.) Following Roy Rouse's death, Donna Brogdon and Joey Rouse discovered that their father had also executed a will on October 9, 1981, naming Deloris Crum as executrix. In that will, which was probated without caveat, Roy Rouse gave to Joey Rouse and Donna Brogdon a lake lot and miscellaneous fishing gear.

It was undisputed that after the change of beneficiary, one of the Crums was always in Roy Rouse's hospital room whenever Joey Rouse or Donna Brogdon visited, and the latter two claimed that the Crums also prevented confidential visits even before that change. During some of these visits, there had been tension between the Crums and Rouse's two children.

After the appellant presented his evidence, the Crums moved for directed verdict on several grounds: (1) any cause of action in tort lies in the personal representative of the estate of the deceased, and not in the plaintiff/appellant; (2) there was no evidence of any reliance by

the plaintiff upon any representations of the defendants necessary to support a cause of action in fraud; (3) there was no proof of actual damages sustained and therefore no exemplary or punitive damages could be recovered; and (4) there was no competent evidence that Joey Rouse had ever been the named beneficiary of the policy in question. In directing the verdict for the Crums, the trial court declined to indicate on which ground(s) the ruling was based. *Held:*

A named beneficiary to a life insurance policy has some property interest in that contract of insurance; such a third party beneficiary to the insurance contract would have, for example, the right to insist upon strict adherence to the policy's terms concerning changing of beneficiary, and would generally have the right to pay the premiums to keep the contract in force. See *Cason v. Owens,* 100 Ga. 142 (28 SE 75) (1896). In *Cason,* the Supreme Court concluded that the children of the deceased were proper parties to bring suit against their mother for allegedly exerting undue influence in persuading their deceased father to delete them as beneficiary of an insurance policy and name the defendant mother, although the primary theory of recovery was the invalidity of the change of beneficiary due to the mental incompetency of the father.

Generally, parties to a contract have a cause of action in tort for a third party's interference with their enjoyment of the property right in the contractual relation. OCGA § 51-9-1 (Code Ann. § 105-1401), generally; *Piedmont Cotton Mills v. H. W. Ivey Constr. Co.,* 109 Ga. App. 876 (137 SE2d 528) (1964); *McDaniel v. Green,* 156 Ga. App. 549 (275 SE2d 124) (1980). We conclude that malicious interference with the right of a named beneficiary to insurance proceeds would fall within the scope of tortious interference with contractual relations. See Aetna Life Ins. Co. v. Harley, 365 FSupp. 1210 (N. D. Ga. 1973). It follows that Joey Rouse, as the alleged previous beneficiary to his father's life insurance policy, would be a proper party to bring an action against the defendants for interfering with his eventual enjoyment of the policy proceeds by exerting undue influence in persuading his father to change the beneficiary.

Nevertheless, we find that the trial court was correct in directing verdict for the Crums because the plaintiff failed to prove that he had actually been the previous beneficiary of the insurance policy, and therefore failed to establish even a prima facie case. The only "evidence" adduced to establish this essential fact was the testimony of Joey Rouse and Donna Brogdon that their father and a City Hall employee had told them that Joey Rouse had been the beneficiary. While this testimony was admitted without objection, it remains inadmissible hearsay without any probative value. The City Hall employee was not called as a witness, and no documentary evidence

of the policy and the named beneficiary was presented. There having been no competent evidence presented to prove that Joey Rouse had indeed been the previous beneficiary, the evidence was insufficient to support a verdict for the plaintiff and thus directed verdict for the defendant Crums was proper. *Halligan v. Underwriters at Lloyd's London,* 102 Ga. App. 905 (118 SE2d 107) (1960); *Stewart v. Western Union Tel. Co.,* 83 Ga. App. 532 (64 SE2d 327) (1951).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 4, 1984.

*Wilby C. Coleman,* for appellant.
*Roger J. Dodd,* for appellees.