(836 P.2d 1219)

No. 67,031

JUDITH M. HILE, AS NATURAL GUARDIAN AND NEXT FRIEND OF CATHERINE DEVRIES AND MARY ELIZABETH DEVRIES, *Appellee/Cross-Appellant,* v. BRIDGET C. DEVRIES, *Appellant/ Cross-Appellee.*

Opinion filed August 28, 1992.

*Mark J. Sachse,* of Callen, Sexton, Shelor & Sachse, of Kansas City, for appellant/cross-appellee.

*Steve A. Leben,* of Overland Park, for appellee/cross-appellant.

Before ELLIOTT, P.J., LARSON, J., and DANIEL L. BREWSTER, District Judge, assigned.

ELLIOTT, J.: Bridget DeVries appeals the district court's award of a portion of the proceeds of her deceased husband's life insurance to his daughters by a former marriage, arguing a constructive trust cannot be imposed absent fraud.

We affirm.

The district court granted summary judgment on stipulated facts:

Larry DeVries was married to Judith DeVries (now Judith Hile); the couple had two daughters—Catherine and Mary Elizabeth.

When the couple divorced, the property settlement agreement provided that Larry would continue the children as beneficiaries on at least $50,000 of life insurance.

Larry later married Bridget and named her as beneficiary on his group life insurance. When Larry died, Bridget received $240,000 in insurance benefits. Larry's company pension plan also provided death benefits which could be paid to Bridget, Larry's children, or Larry and Bridget's unborn child, at the company's discretion. The company paid the benefits to Catherine and Mary Elizabeth. The daughters together received a net benefit of some $59,000 after taxes.

Judith then sued to enforce a constructive trust in the insurance proceeds on behalf of Catherine and Mary Elizabeth. The trial court ruled in Judith's favor.

Bridget argues that a constructive trust cannot be imposed absent fraud, relying on *Clester v. Clester*, 90 Kan. 638, 135 Pac. 996 (1914). The *Clester* opinion does state that before a constructive trust will be imposed, fraud is essential. 90 Kan. at 643-44.

But *Clester* also states that a constructive trust will arise "wherever the circumstances under which the property was acquired make it inequitable that it should be retained by the person who holds the legal title." 90 Kan. at 642.

*Clester* did not involve insurance proceeds, which distinguishes it from the present case. Accordingly, we need not decide whether our Supreme Court, if faced with that issue today, would adhere to the fraud requirement of the *Clester* language. See *Harder v. Towns*, 1 Kan. App. 2d 667, 669, 573 P.2d 625 (1977), *rev. denied* 225 Kan. 844 (1978).

In the present case, Larry had agreed to maintain $50,000 in life insurance for the benefit of his daughters. Case law is clear that the trial court did not err in using its equitable powers to enforce that agreement. See *Peckham v. Metropolitan Life Ins. Co.*, 415 F.2d 312 (10th Cir. 1969) (Kansas law); *Pierce v. Pierce*, 12 Kan. App. 2d 810, 758 P.2d 252 (1988), *aff'd* 244 Kan. 246, 767 P.2d 292 (1989). See also *Tivis v. Hulsey*, 148 Kan. 892, 895, 84 P.2d 862 (1938) (when a party claims an interest in insurance proceeds, those proceeds are held in constructive trust for the rightful claimant).

Bridget and Judith argue about whether the district court employed a constructive trust theory or an unjust enrichment theory in reaching its decision. Frankly, we find these semantic arguments to be of no practical importance. Neither *Peckham* nor *Pierce* specifies the legal theory relied upon, and *Tivis* states that a contest between rival claimants to insurance proceeds "may become one purely of equitable cognizance and determination." 148 Kan. at 895.

Judith's reliance on an unpublished opinion of this court as binding precedent is ignored. Compare Rule 7.04 (1991 Kan. Ct. R. Annot. 33), with Hinderks and Leben, *Restoring the Common in the Law: A Proposal for the Elimination of Rules Prohibiting the Citation of Unpublished Decisions in Kansas and the Tenth Circuit,* 31 Washburn L.J. 155 (1992).

It is also argued the district court erred in admitting hearsay testimony of Larry's intent in naming Bridget the beneficiary of his life insurance policy. Bridget testified that Larry told her he did not name his daughters as beneficiaries because he was afraid Judith would squander the money. Because the company's death benefits would be administered by a trust, Larry relied on those death benefits to satisfy his obligation to his daughters.

Judith argues in her cross-appeal that this testimony was inadmissible hearsay. Since the trial court ruled in Judith's favor despite this evidence, any error in its admission must be deemed harmless. Accordingly, the issue does not require further consideration. See *Hagedorn v. Stormont-Vail Regional Med. Center,* 238 Kan. 691, 701, 715 P.2d 2 (1986).

Finally, it is argued the trial court erred in refusing to award prejudgment interest from the date on which Bridget received the insurance proceeds.

Judith requested prejudgment interest at the statutory rate of 10%. See K.S.A. 16-201. Bridget received $2,410 in interest, representing a rate of 7.5% for 42 days. The trial court considered this fact and the "equitable circumstances" of the case and awarded Judith $431.41 in interest on the $50,000 award, an amount calculated at the same rate for the same length of time as that received by Bridget.

Judith argues that because the amount in dispute was liquidated, and because the underlying claim was contractual, she is

entitled to 10% interest from the date of Larry's death until the date of judgment—which would amount to more than $20,000. See *Plains Resources, Inc. v. Gable,* 235 Kan. 580, 583-84, 682 P.2d 653 (1984).

*Plains Resources* is distinguishable because here there was no contract between Bridget and Judith. See also *Leeper v. Schroer, Rice, Bryan & Lykins, P.A.,* 241 Kan. 241, 247-48, 736 P.2d 882 (1987) (allowance or disallowance of prejudgment interest is a matter of judicial discretion).

Bridget has had the use of the $50,000 for over four years. On the other hand, she was not personally obligated to Catherine and Mary Elizabeth, and she has been guilty of no wrongdoing. While an award of prejudgment interest may have been justified, the trial court did not abuse its discretion in refusing to order such an award.

The appeal and cross-appeal are affirmed.