A94A2753. FULLER v. HARRISON et al.
(456 SE2d 684)

POPE, Presiding Judge.

This case involves a dispute over the payment of life insurance proceeds.

In October 1989, Ronald C. Harrison (Harrison) purchased a life insurance policy (policy) from Security-Connecticut Life Insurance Company (Insurer). Harrison named his wife, Nancy, the sole primary beneficiary of the $1,000,000 policy proceeds payable at his death. The policy provided for ownership by the insured, unless another owner was specifically designated. The policy also provided that the owner could assign or give away his rights under the policy (transfer ownership), although notice of the transfer had to be provided to the Insurer. The owner of the policy also had the right to change the designated beneficiary, subject to approval by the Insurer.

In December 1991, Harrison executed a change of beneficiary form requesting the Insurer to pay the policy proceeds as follows: 25 percent to his daughter, appellee Roni M. Harrison; 25 percent to appellant Helen Fuller; and the remaining 50 percent to his estate. This change was approved by the Insurer, and pursuant to the policy provisions, became effective as of the date it was signed by Harrison.

In March 1992 Harrison, as Donor, and NationsBank of Georgia, N.A. (NationsBank), as Trustee, executed a trust agreement creating the Ronald C. Harrison Insurance Trust. In addition to NationsBank, the "corporate trustee," two individual trustees, Bill Henderson and David Sherrard, were named. However, neither Henderson nor Sherrard signed the trust agreement. In section 1 of the agreement, Harrison conveyed ownership of the policy to the Trustee, and specified that the policy (along with any subsequent transfers of property) was to comprise the trust estate. The beneficiaries of the trust were Harrison's estate and his daughter, Roni M. Harrison. Section 11 of the agreement provided the trust was irrevocable and that the Donor would not alter, amend, revoke or terminate the trust "or any provision thereof."

It appears that change of ownership and change of beneficiary

forms were signed by Harrison and a NationsBank representative on April 1 and April 9, 1992, but that only the April 9 forms were transmitted to and acknowledged by the Insurer. The record shows that the April 9 change of ownership form listed the "Roni M. Harrison Trust.[1] — est. 3/2/92 — NationsBank — Trustee[,] Ronald C. Harrison Grantor," as both the "owner" and "new owner," and Harrison as the Insured/Grantor. The form was signed by Harrison as the Insured and by NationsBank as Trustee/Owner. A change of beneficiary form was also executed by Harrison, as the Insured, and NationsBank, as the Trustee/Owner on that date. The April 9 change of beneficiary form provided for payment of the policy proceeds as follows: 35 percent to the Roni M. Harrison Trust, 15 percent to David G. Sherrard, 15 percent to William Higgins, 20 percent to Nancy J. Burger and 15 percent to Harrison's estate. The Insurer acknowledged both the change of ownership and change of beneficiaries on April 14, 1992. A few days later, Harrison committed suicide.

This case was initiated when NationsBank filed a petition for equitable direction and removal of co-trustee (Sherrard). The Insurer paid the proceeds of the policy into the registry of the court, and all parties claiming against the proceeds except appellant Fuller agreed to a settlement of their claims. $750,000 of the proceeds was paid out of the registry of the court to the settling parties, and Fuller and the appellees[2] filed cross-motions for summary judgment, asserting their entitlement to the remaining ($250,000) policy proceeds. The trial court granted appellees' motion and Fuller filed the present appeal to this court.

Obviously, the parties' entitlement to the remaining policy proceeds depends on the validity of the April beneficiary change. Fuller argues that as a beneficiary under a prior designation, she is entitled to insist on strict adherence to the policy provisions, see *Rouse v. Crum*, 169 Ga. App. 439, 441 (313 SE2d 140) (1984), including the provision of the policy allowing only the owner of the policy to change beneficiaries. Id. Thus, Fuller argues, because the April 9 change of beneficiary was executed by only one of the three owner/trustees named in the trust agreement, the April change is invalid and she is entitled to 25 percent of the proceeds under the December beneficiary designation. See OCGA § 53-12-172 (requiring unanimity of action by co-trustees). Appellees acknowledge Fuller's right to insist on strict adherence to the policy's terms, but argue that the undisputed evi-

---

[1] It appears undisputed that there is only one trust and that all references to the Roni M. Harrison Trust are misnomers and intended to refer to the Ronald C. Harrison Insurance Trust created on March 2, 1992.

[2] Appellees are Nancy Harrison, as executrix of the estate of Ronald C. Harrison, Roni M. Harrison, William Higgins and Nancy J. Burger.

dence shows that at the time the April change of beneficiary was executed, the only trustee who had accepted the trust was NationsBank and therefore, the change was valid because it was executed by the sole accepting/acting trustee. See OCGA § 53-12-171.

We find it unnecessary to reach the issue of acceptance by the trustees. The undisputed evidence in this case shows that the April change of beneficiary, although signed by a NationsBank representative, was actually made by Harrison, in violation of both the policy terms and the trust agreement. Under the clear terms of the policy, once Harrison transferred ownership of the policy (and we find no merit to appellees' "fall-back" position that ownership of the policy was not transferred by Harrison), only the new owner had the right to change the prior designation of beneficiaries; Harrison, who was no longer owner of the policy, did not have that right. But the new owners did not change the beneficiaries, they merely signed a form wherein Harrison designated new beneficiaries. Indeed the record strongly suggests that the NationsBank representative who signed the April change of beneficiary form did not have any knowledge of either the terms of the policy or the terms of the trust, or indeed, of who the prior beneficiaries were under the policy. To say that the beneficiaries were changed by NationsBank is sheer sophistry, and would allow Harrison to do indirectly what he no longer had the power to do directly. It follows that the April beneficiary change, not having been made by the owner of the policy, was invalid, and that Fuller is entitled to the proceeds under the December designation. See *Hunnicutt v. Southern Farm Bureau Life Ins. Co.*, 256 Ga. 611 (4) (351 SE2d 638) (1987); *State Farm Life Ins. Co. v. Gutterman*, 896 F2d 116, 119 (4) (5th Cir. 1990). It also follows that the trial court's order granting summary judgment to appellees and denying summary judgment to Fuller must be reversed.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995 — 

*Byrne, Eldridge, Moore &. Davis, Francis X. Moore, Scott D. Calhoun*, for appellant.

*Powell, Goldstein, Frazer & Murphy, David G. Ross*, for appellees.