No. 26,680.

EMMA HALL et al., *Appellants,* v. OSCAR WILSON, *Appellee.*

SYLLABUS BY THE COURT.

1. EJECTMENT — *Title and Right to Possession — Sufficiency of Evidence.* In an action of ejectment where neither party had a clear paper title a judgment in favor of the defendant in possession is held to have been justified by evidence that the ancestor through whom the plaintiffs claim by descent had disclaimed title to the defendant's grantor while he was negotiating for the purchase of the land, supplemented by evidence of a similar transaction between one of the plaintiffs and the defendant.

2. WITNESSES—*Competency—Conversation With Person Since Deceased—Nature of Interest.* In ejectment a person who had once bought the land but had the deed made to his daughter, who conveyed to the defendant, is not on that account so interested in the controversy as to be disqualified to testify in favor of the defendant concerning a conversation had with a person since deceased through whom the plaintiffs claim.

Ejectment, 19 C. J. p. 1180 n. 54. Taxation, 37 Cyc. pp. 1284 n. 40, 1290 n. 73. Witnesses, 40 Cyc. p. 2295 n. 54.

Hall v. Wilson.

3. TAXATION—*Tax Deeds—Inclusion of Tract Upon Which Charges Paid.* A tax deed on two adjoining tracts, based on taxes charged against them under a single description, does not pass title to one of the tracts on which taxes separately charged had been regularly paid.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed October 9, 1926. Affirmed.

*Paul H. Ditzen,* of Kansas City, for the appellants.

*J. L. Smalley,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiffs, Emma Hall and her two daughters, claiming as the heirs of her husband, Frank P. Hall, brought ejectment against Oscar Wilson for a tract of seven acres described as follows: All that part of the north half of the southeast quarter of section 22, township 11, range 24, east of the county road. Upon a trial without a jury judgment was rendered for the defendant, and the plaintiffs appeal.

The property covered by this description, as well as the nature of the claims of the parties, can be more readily made clear by reference to the plat on page 608, which is sufficiently accurate for the purpose.

A government patent was issued in 1859, covering the east fractional half of the southeast fractional quarter of section 22, township 11, range 24, described as containing 52.75 acres, and the west fractional half of the same fractional quarter, described as containing 34.50 acres. The patentee in 1863 executed a warranty deed to "the south fractional half of the southeast fractional quarter of section 22, . . . in township 11 south, of range 24 east . . . containing in the aggregate 87.26 acres." A series of warranty deeds followed, employing substantially the same description, culminating in 1866 in one to Mary A. Hoffman, whose title passed by descent to Albert Hoffman. On March 6, 1900, Albert Hoffman executed a warranty deed to Frank P. Hall (as whose heirs the plaintiffs claim) covering: "All that part of the south fractional one-half of the southeast fractional quarter of section 22, township 11, range 24, lying and being east of the county road as now traveled, known as the Delaware ferry pontoon bridge road, the same containing 62 acres more or less, being a part of the farm known as the Mary A. Hoffman farm."

On August 25, 1900, Albert C. Hoffman executed to Fanny W. Holsinger a warranty deed to "all that part of the north half of the

southeast fractional quarter of section 22, township 11 south, range 24 east, lying and being east of the county road as now traveled known as the Delaware ferry and pontoon bridge road, and more particularly described as follows [a description of the tract in controversy by metes and bounds being given]." A series of conveyances by a similar description followed, ending in a warranty deed to Rainey O'Brien, who conveyed to the defendant in 1920 by a quitclaim deed.

Plat of Sec. 22, Twp. 11, R. 24 E.

The plaintiffs contend that the evidence required a judgment in their favor.

1. It will be noted that the patent from the government passed title to the east (as well as to the west) half of the fractional southeast quarter of the section, while all the deeds down to and including that to Mary A. Hoffman undertook to convey only the south half of the fractional southeast quarter of the section, described, however, as containing 87.26 acres, which according to the patent was the acreage of the whole of the fractional quarter section, including the seven-acre tract in controversy. So that a clear paper title is lodged neither in the plaintiffs nor in the defendant.

Hall v. Wilson.

The plaintiffs contend that the fact of the land conveyed to Mary A. Hoffman having been described in all the deeds in the chain of title as containing 87.26 acres is a strong circumstance showing the intention of the parties to have been to include the seven-acre tract in controversy; and that this is strengthened by evidence of the occupancy of the seven acres by at least some of the holders under these deeds. The evidence of such occupancy, however, is contested, and as no special findings were made the trial court must be regarded as having found against the plaintiffs, upon whom the burden of proof rested.

The defendant relies upon evidence tending to show that Frank P. Hall, through whom the plaintiffs derive title, while J. R. O'Brien was considering the deal resulting in the deed to Roberta O'Brien, his daughter, pointed out to him the south line of the seven-acre tract as the north boundary of his land; and that previous to the defendant's purchase of the seven-acre tract Emma Hall had asked him to buy it because of uses to which it was being put; that she told him J. R. O'Brien (the father of Roberta O'Brien) owned it, and showed him a tree which she said was on the boundary between the Hall land and the seven-acre tract. A part of this evidence was directly contradicted, but the decision of the trial court is of course controlling on that issue.

Under this evidence, giving it, as we are required to do, the most favorable construction for the defendant, in order to support the judgment, we think the court was warranted in deciding for the defendant on the ground that he was protected in his possession, under claim of title, by the statements referred to, made to himself and to his predecessor in title.

2. The testimony of the witness J. R. O'Brien concerning statements made to him by Frank P. Hall is objected to as violating the statute relating to communications had with persons since deceased. (R. S. 60-2804.) To fall within the operation of that statute in its present form it may be that the witness whose competency is questioned need not be a party to the action, but the testimony he gives must be "in his own behalf." This clearly implies that he must have a substantial interest in the matter at issue. Relationship with the party aided by his evidence is not enough. (*Cadwalader v. Pyle*, 95 Kan. 337, 148 Pac. 655.) The evidence shows that J. R. O'Brien made the deal for the purchase of the seven-acre tract, but the deed was made to his daughter, and the defendant claims under

a deed from her and not from her father. J. R. O'Brien has not guaranteed the title, and is not shown to be financially interested in the result of this suit. He was, therefore, a competent witness to his talk with Hall. (See *Collins v. Hayden*, 104 Kan. 351, 179 Pac. 308.)

3. At the trial the plaintiffs produced a tax deed covering the seven-acre tract with that south of it. This deed does not appear, however, to be now relied upon. In any event it was shown that the defendant had paid the taxes charged separately against the land in controversy, and in that situation the tax deed could not convey title.

The judgment is affirmed.