No. 27,864.

THE KANSAS CITY LIFE INSURANCE COMPANY, *Appellee*, v. AGNES T. WILKINSON, *Appellant;* SADIE CATHERINE SMITH and IRA SMITH, *Appellees*.

(264 Pac. 37.)

SYLLABUS BY THE COURT.

LIFE INSURANCE—*Change of Beneficiary—Right of Mother Paying Premium Under Agreement Not to Change.* Where a mother and her minor son make an oral agreement that he should procure a policy of life insurance naming the mother as beneficiary, and she should have the policy in her keeping, and that the son would not change the beneficiary during her lifetime without her consent, in consideration of which the mother agreed to pay the premium and did pay $50 thereon, and where without the mother's knowledge or consent the son took the policy and caused the name of the beneficiary to be changed and then restored the policy to its place in his mother's possession, and shortly thereafter committed suicide, and the insurance company paid the amount of the policy into court, and the lawsuit proceeded to an adjudication of the respective claims of the mother and the last-named beneficiary, it is held that the mother's testimony touching her oral contract with her minor son was competent evidence; and *held,* the contract was valid and enforceable—at least since the insurance company waived every defense of law, fact and of procedure which might have been raised against such contract and the evidence by which it was sought to be established; and *held,* also, the last-named beneficiary could invoke no rule of law or evidence to defeat the mother's contract and the proof of it.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 11, 1928. Affirmed.

*Walter S. Keith* and *Harold C. McGugin,* both of Coffeyville, for the appellant.

*Dallas W. Knapp* and *Charles D. Ise,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to ascertain the lawful beneficiary of an insurance policy.

On August 6, 1925, one Stanley R. Smith, a minor 17 years of age, applied for and received a life insurance policy for $1,000 issued by the plaintiff. The boy's mother, Sadie Catherine Smith, was named as beneficiary. The policy was taken out with her

Infants, 31 C. J. p. 1067 n. 17.    Insurance, 12 L. R. A. n. s. 1209; 14 R. C. L. 1389.    Life Insurance, 37 C. J. p. 583 n. 17.    Witnesses, 40 Cyc. p. 2305 n. 34.

20—125 KAN.

consent and approval, and she and her son had an oral agreement that in consideration of her paying the premium he would not change the beneficiary during her lifetime. In consonance with this agreement she gave the lad $50 with which to pay the premium, and the policy was placed in her keeping. The policy, however, in express terms did provide that the insured had the right to change the beneficiary.

Some months later the insured took the policy from his mother's custody without her knowledge, and notified the insurance company that he desired to change the beneficiary from his mother to Agnes T. Wilkinson, designated as fiancée of the insured. The company complied and Miss Wilkinson's name was inserted accordingly.

A few weeks later the insured committed suicide. Not until then did the mother know of the change in the designated beneficiary. Miss Wilkinson gave the insurance company formal notice and proof of death and demanded the insurance. The mother also claimed the insurance on the ground that the insured was a minor; that the insurance contract was made with her advice and approval; that the policy was taken from her custody and the change of beneficiary made without her knowledge or consent, and that the change was void.

Confronted with this situation, the insurance company took the initiative to have these conflicting demands adjudicated. It brought this action, impleaded both claimants, set up the facts so far as it was concerned therewith, paid the $1,000 into court and retired from the lawsuit, leaving the two claimants to fight it out.

Issues were joined by appropriate pleadings. Miss Wilkinson was a minor, and by her guardian *ad litem* she first demurred to and then traversed all the allegations of the mother's answer and cross petition. Ere this lawsuit was tried below Miss Wilkinson married one Sandion, thereby attaining her majority.

The evidence for the mother tended to establish the facts as set out above. The testimony for the named beneficiary disclosed nothing of present consequence.

The trial court found "that all the allegations in the answer and cross petition . . . of Sadie Catherine Smith are true," and gave judgment accordingly.

The defeated claimant appeals.

Kansas City Life Ins. Co. v. Wilkinson.

To justify the judgment appellee relies on two propositions, the first of which was the oral contract between herself and her son whereby in consideration of her paying the premiums she was entitled to keep the policy in her custody, and the beneficiary was not to be changed in her lifetime without her consent. Appellant contends that the plaintiff's testimony pertaining to this contract was incompetent, and the contract itself not binding. So far as concerns the competency of the evidence, it does not violate the code rule invoked against it. (R. S. 60-2804.) The insurance company had paid the money into court. It had waived every defense of law, fact and of procedure of which it might have availed itself. Appellant in this lawsuit does not occupy the position of "the adverse party" as "executor, administrator, heir at law, next of kin, surviving partner or assignee" of the insured; and the established policy of this court is to construe strictly statutory and other rules of evidence which limit judicial inquiry to ascertain the truth. (*Armstrong v. Street Railway Co.,* 93 Kan. 493, 503, 144 Pac. 847; *Cadwalader v. Pyle,* 95 Kan. 337, 148 Pac. 655; *Collins v. Hayden,* 104 Kan. 351, 179 Pac. 308; *Flack v. Brewster,* 107 Kan. 63, 190 Pac. 616; *Hall v. Wilson,* 121 Kan. 606, 249 Pac. 668.) The court holds that evidence to prove the oral contract of mother and son was competent; the contract itself was not against public policy; and as the insurance company itself is not complaining about it, there is no reason in equity or good conscience why it should not be enforced.

This leaves it unnecessary to consider the other proposition relied upon by appellee to uphold the judgment—the mother's right as heir of her minor son to disaffirm the change in the contract substituting appellant's name for appellee's as beneficiary. But see *Insurance Co. v. Brubaker,* 78 Kan. 146, 96 Pac. 62, syl. ¶ 3; 31 C. J. 1066; 14 R. C. L. 234.

Other matters discussed in appellant's brief have been carefully noted. They suggest nothing which would permit the judgment to be disturbed, and it is therefore affirmed.