No. 36,905

W. H. MATTHEWS, *Appellant,* v. ELIZABETH M. MATTHEWS, *Appellee.*

(186 P. 2d 233)

CLAIR E. ROBB, judge.

Opinion filed November 8, 1947.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the briefs for the appellant.

*Wayne Coulson,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Manford Holly,* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from a judgment of the court that defendant is the owner of a certain insurance policy and barring plaintiff of any rights therein. We will refer to the parties as they appeared in the trial court. The record discloses facts which may be summarized as follows: On April 12, 1912, upon defendant's application, the Farmers and Bankers Life Insurance Company of Wichita, an old line life insurance company, issued to him a whole life nonparticipating policy in the amount of $2,500, in which plaintiff's then wife, Lutie B. Matthews, was named as the beneficiary, and which contained a provision which gave to plaintiff the right to change the beneficiary under certain conditions. After the death of the named beneficiary, and on June 24, 1930, upon plaintiff's re-

quest, his estate was named as the beneficiary. Thereafter plaintiff married defendant, and on March 4, 1931, at his request, the defendant was named as the beneficiary, and is still so named. On August 27, 1945, plaintiff and defendant entered into a written agreement, in which plaintiff was party of the first part and defendant party of the second part, respecting their property rights. We are here concerned with only the fourth paragraph of that agreement, which reads:

"FOURTH: Party of the first party has two life insurance policies, as follows: Policy No. 2079 in the Farmers & Bankers Life Insurance Company of Wichita, Kansas, in the face amount of $2,500.00; Policy No. 1207341 in the Union Central Life Insurance Company of Cincinnati, Ohio, in the face amount of $5,000.00.

"As to such policies of insurance the parties agree: (a) That the beneficiary shall be and remain irrevocably the party of the second part; (b) That the parties will pay the premiums thereon as long as they are able; (c) That except in case of sickness, ill health or actual want, or to pay the premiums due thereon, party of the first part will not borrow upon said policies; (d) In the event that said parties should hereafter cease to live together as husband and wife, party of the second part shall have her choice of said policies as her sole and separate property; (e) First party shall have the privilege of reducing the policy in the Union Central Insurance Company of Ohio, to the sum of $2,500.00 in order to lessen the annual premiums due and payable thereon; (f) Party of the second part agrees that she will pay the funeral expenses and the expenses of the last illness of first party out of and up to an amount not in excess of one-half the proceeds of said insurance policies if both said policies remain payable to her at the time of the first party's death."

The parties continued to live together for several months when plaintiff brought an action against defendant for a divorce and to have this contract set aside. Defendant filed a cross petition for divorce and asked to have the contract approved. Upon the trial of that action, May 22, 1946, the court denied plaintiff the relief sought, granted a divorce to defendant and approved and confirmed the contract. No alimony judgment was rendered against plaintiff. No appeal was taken from that decree, and no question respecting its validity is before us. We state it only to show the background of the present controversy. Since this decree the defendant has had the actual possession of the policy issued by The Farmers and Bankers Life Insurance Company.

Thereafter the plaintiff brought the present action, which was for partition of certain real property and to have the court determine the rights of the parties respecting certain personal property. We

are concerned with it only as it applies to the insurance policy. Respecting that the plaintiff in his petition alleged:

"Plaintiff further alleges that plaintiff, W. H. Matthews and Elizabeth M. Matthews, are the owners of a life insurance policy No. 2079 issued by the Farmers & Bankers Life Insurance Company of Wichita, Kansas, in the amount of $2,500.00 and upon which there is a loan value of approximately one thousand dollars ($1,000) and that said parties own life insurance policy No. 1207341 issued by the Union Central Life Insurance Company of Cincinnati, Ohio, in the amount of $5,000.00 and upon which there is a cash surrender value of approximately one thousand dollars ($1,000); that said insurance policies are affected and controlled by the contract heretofore set out as plaintiff's Exhibit 'A' and that Ireine Colson and Marcile B. Senter by reason of said contract claim some right, title or interest in and to said policies or their cash surrender value.

"Wherefore, plaintiff prays that the interests of the respective parties be decreed and determined. . . ."

The answer contained the following allegation:

"This defendant alleges that under the contract entered into and attached to plaintiff's petition as 'Exhibit A' it was provided that in the event plaintiff and defendant hereto should cease to live together as husband and wife, the defendant hereto should have her choice of either of the two policies of life insurance as follows: Policy No. 2079 in the Farmers and Bankers Life Insurance Company in the face amount of $2,500.00 or Policy No. 1207341 in the Union Central Life Insurance Company in the face amount of $5,000.00; that said parties have ceased to live and cohabit together, by reason whereof this defendant now elects to take, and requests that there be set off to her, as her sole and separate property, as by said contract provided, Policy No. 2079 in the Farmers and Bankers Life Insurance Company in the face amount of $2,500.00 free of any and all claims."

The Farmers and Bankers Life Insurance Company was named as a party-defendant, served with summons, and filed a pleading therein.

The pertinent portion of the decree of the court, rendered September 10, 1946, reads:

"The court further finds that the plaintiff, W. H. Matthews, and the defendant Elizabeth M. Matthews by reason of the post-nuptial contract heretofore referred to, are the owners of life insurance policy No. 2079 issued by the Farmers and Bankers Life Insurance Company, Wichita, Kansas, upon the life of W. H. Matthews in the amount of $2,500.00 and that such policy has a cash surrender value; and that said parties are also the owners of policy No. 1207341 issued by the Union Central Life Insurance Company of Cincinnati, Ohio, in the amount of $5,000.00 upon the life of W. H. Matthews; that by the terms of the post-nuptial contract the defendant Elizabeth M. Matthews is entitled to select one of said policies; that she has selected policy No.

2079 issued by the Farmers and Bankers Life Insurance Company, Wichita, Kansas. . . .

"It is further determined that the defendant Elizabeth M. Matthews is entitled to the benefits of life insurance policy No. 2079 issued by the Farmers and Bankers Life Insurance Company of Wichita, Kansas, a corporation, as her sole and separate property and that W. H. Matthews is entitled to policy No. 1207341 issued by the Union Central Life Insurance Company of Cincinnati, Ohio, a corporation, upon the life of W. H. Matthews as his sole and separate property; . . ."

In confirming the sale of real property in the partition action on December 2, 1946, by agreement of the parties, the court made an order retaining jurisdiction of the action for the purpose of adjusting any equities or differences which might then exist or which might arise involving the properties in the action.

On December 21, 1946, the plaintiff filed with the Farmers and Bankers Life Insurance Company an application for a change of beneficiary in its policy No. 2079 to his daughters, Marcile B. Senter and Reine M. Colson. There was some correspondence between plaintiff and the insurance company respecting that matter which was introduced in evidence but which is not shown in the abstract. It is safe to say that the insurer hesitated to make the change and that the same has not been made.

Thereafter defendant filed a motion in the action, which is not set out in the abstract, but from the statements of counsel it appears that this motion set out the former litigation between the parties much as hereinbefore stated, recited the application of plaintiff of December 21, 1946, for a change of beneficiary, and asked the court for an order directing plaintiff to execute a written assignment on the policy to defendant, and that if the same should not be done within a stated time for an order of the court which would act as such an assignment.

Apparently plaintiff filed objection to that motion and moved to dismiss it, although the same is not set out in the abstracts, upon the grounds (1) the court had no jurisdiction over the insurer; (2) that the order asked would be in violation of public policy and void; (3) that since the parties are no longer husband and wife, the decree of divorce having become final, insofar as there might be earnings upon the policy or future liability of the insured, defendant carrying the policy and paying the premiums, would be without insurable interest; and (4) that by reason of public policy the court should make no order with reference to earnings maturing after the

decree of divorce was entered; that the order sought could reach only the cash surrender value of the policy as it existed on the date of the divorce; and that the order sought would constitute an assignment of the policies to a party having no insurable interest in the life of plaintiff.

Defendant's motion and plaintiff's objections thereto came on to be heard before the court on January 17, 1947, the plaintiff and defendant appearing by their respective counsel and the insurance company appearing by its counsel. Counsel in their opening statement, adopted later by the court as a stipulation of facts, stated the facts substantially as hereinbefore stated, and brought out the fact that defendant was not attempting to have any modification of decrees of the court previously made, but was endeavoring to get the order sought for the purpose of enforcing the previous judgments of the court; that defendant was the wife of plaintiff at the time she was named beneficiary in the policy; that she has not been his wife since the effective date of the divorce decree; that aside from her interest in the property set off to her by the previous judgments of the court she had no claim as a creditor against the plaintiff; and counsel for the insurer made it clear to the court that the insurer was appearing in court for all purposes.

The trial court accepted the statement of facts made by counsel as a stipulation of facts and after a further hearing on January 31 made conclusions of law, as follows:

"(1) That at the time Elizabeth M. Matthews was named beneficiary to policy No. 2079 she had an insurable interest in the life of W. H. Matthews.

"(2) That under the post nuptial contract entered into August 27, 1945, Elizabeth M. Matthews obtained the equitable right to enforce the designation of herself as an irrevocable beneficiary under said policy of insurance and she then became vested with an equitable interest in said policy. At said time she also had an insurable interest in the life of W. H. Matthews. Her said interest as such continued uninterruptedly to September 10, 1946, at which time she was adjudged by this court to be entitled to the benefits thereof.

"(3) On said 10th day of September, 1946, in this cause Elizabeth M. Matthews was assigned the ownership of said policy of insurance and since said time she has been and is now vested with all the incidents of ownership in and to the same including the right to maintain said policy in force, to pay premiums thereon, and to change the beneficiary thereof which right is exclusive in her, and she is now entitled to an order of this court adjudging her to be the absolute owner thereof to the exclusion of W. H. Matthews and all other persons.

"It Is Therefore Ordered, that Elizabeth M. Matthews be and she is hereby decreed the absolute owner of policy No. 2079 issued by the Farmers and Bankers Life Insurance Company upon the life of W. H. Matthews, and that W. H. Matthews and all persons claiming by, through or under him be and they are hereby barred of any right therein."

This is the judgment from which plaintiff has appealed. We must first notice defendant's contention in this court that the judgment appealed from was not reviewable. Defendant's argument on that point is that the judgment from which the appeal was taken is, in legal effect, a restatement of the decree of the court with respect to the insurance policy in the partition action, from which no appeal had been taken. This argument overlooks the fact that plaintiff contended in the court below, and now contends, that the portion of the judgment in the partition action, which gave defendant something more in the insurance policy than its cash surrender value, is void as against public policy. It is well settled that a void judgment may be attacked, even by motion, at any time (G. S. 1935, 60-3009). We think plaintiff, having raised the validity of that portion of the judgment in the trial court, and having had an adverse ruling thereon, is entitled to be heard here.

Plaintiff, as appellant, contends that the judgment appealed from, and also the judgment in the partition action, are void to the extent that they attempted to transfer to defendant any greater interest in the policy than the cash surrender value thereof. In support of this contention it is argued that when the divorce decree became final and the parties were no longer husband and wife that defendant had no insurable interest in the life of plaintiff, could not have taken out a policy upon his life and pay the premiums thereon, and that an attempt to do so, either by an assignment of the policy or by a decree of the court, is void.

Plaintiff's position is untenable for the following reasons: When an old-line life insurance policy is issued on the life of a husband or wife in which the other spouse is named as a beneficiary, and thereafter they are divorced, the simple fact that they are divorced does not change the beneficiary. (See *Tromp v. National Reserve Life,* 143 Kan. 98, 53 P. 2d 831; 19 C. J. 181 n 47; 27 C. J. S. 837 n 78; 29 Am. Jur. 977, § 1309; the annotation in 52 A. L. R. 386; 59 A. L. R. 172, and cases digested in the American Digest System under Divorce, Key No. 585 [3].)

Here there was a contract between the parties for a division of

their property and the settlement of their property rights. The validity of this contract was put in issue in the divorce case, the plaintiff having sought to set it aside, the defendant to have it sustained. The trial court held the contract valid and rendered a decree in harmony with that holding. No appeal was taken from that decree, it became binding upon the parties, has never been set aside, and is still binding upon them.

Later plaintiff brought an action for the partition of real property and the determination of the rights of the parties to personal property, including the insurance policy in question. This action was predicated upon the property rights of the parties as set forth in the contract and in the court's decree in the divorce case. The parties-defendant included The Farmers and Bankers Life Insurance Company, upon which summons was served and which filed a pleading. After a hearing the court decreed that defendant is entitled to the benefits of the policy in question "as her sole and separate property." No appeal was taken from that decree and it is binding upon the parties to the action.

The insured may make an agreement with the beneficiary, or with another, respecting the payment of premiums or the distribution of the proceeds of the policy, which is valid between the parties if made in good faith and for a valuable consideration. (See *Tivis v. Hulsey*, 148 Kan. 892, 84 P. 2d 862, and authorities cited, p. 895.) This case is cited in support of the text in 46 C. J. S. 64, where other cases to the same effect are noted. It is also cited on this point in *Harrison v. Farmers & Bankers Life Ins. Co.*, 163 Kan. 277, 284, 181 P. 2d 520. See, also, the authorities cited in *Sinclair Refining Co. v. Long*, 139 Kan. 632, 32 P. 2d 464, and in *Geisler v. Mutual Benefit H. & A. Ass'n*, 163 Kan. 518, 183 P. 2d 853.

Counsel for plaintiff point out that under the judgment appealed from the defendant may pay the premium on the policy and also be the beneficiary thereof. Plaintiff is not in position to complain of that matter. In the agreement which he executed the two insurance policies are described and it was agreed between them "that the parties will pay the premiums thereon," and provision was made for separating the ownership of the policies so that each would own one of the policies. The policies were separated as to ownership by the agreement and the decrees of the court.

It is argued on behalf of plaintiff that the agreement to that extent is void under the authority of *Life Ins. Co. v. Sturges*, 18 Kan.

93; *Life Ins. Co. v. McCrum*, 36 Kan. 146, 12 Pac. 517; *Insurance Co. v. Elison*, 72 Kan. 199, 83 Pac. 410, and *Thomas v. Connecticut Mutual Life Ins. Co.*, 124 Kan. 159, 257 Pac. 727. In each of these cases facts were presented which disclosed the fraudulent intent of the parties. Nothing of that kind appears in this case. The cases were relied upon in *Tromp v. National Reserve Life,* supra, and held (p. 101) as having no application to the facts in that case. They were again relied upon in *Geisler v. Mutual Benefit H. & A. Ass'n,* supra, where it was held they were not applicable in view of the fact that the contract under consideration was entered into by all concerned in good faith and not for the purpose of speculating on the duration of the life of the insured. The same principle is applicable here.

We note further that in the cases relied upon by counsel for plaintiff the insurer had raised the question of the validity of the transaction. It is the general rule that the insurer is the only party who can raise the question of the insurable interest of defendant, sought to be presented here.

In 37 C. J. 398, it is said:

"Want of insurable interest in an assignee of a policy of life insurance cannot be set up by the assignor or his personal representative."

In 44 C. J. S. 915, the rule is thus stated:

"Only the life insurance company may raise the question of lack of insurable interest . . ."

This general rule was announced and followed in *Obrist v. Grand Lodge,* 123 Kan. 616, 256 Pac. 955, and in *Kansas City Life Ins. Co. v. Wilkinson,* 125 Kan. 305, 264 Pac. 37.

In the case before us the insurer was made a party-defendant, was served with summons and filed a pleading. It took no appeal from the judgment of the court to the effect that defendant was the sole owner of the policy of insurance. At the hearing of the motions, which resulted in the judgment from which this appeal was taken, the insurer was represented by counsel, who made it clear to the court that the insurer was appearing in the case for all purposes. The insurer did not appeal from the judgment rendered by the court, it is not now complaining of the judgment which was rendered, and plaintiff has no authority to take over that burden for the insurer.

The result is that the judgment of the trial court should be affirmed. It is so ordered.