5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Pamela K. LANE, Defendant-Cross Claim Defendant-Appellant,
Defendant-Cross-Claimant-Appellee.
 No. 92-3455.
 United States Court of Appeals, Tenth Circuit.
 Sept. 17, 1993.
 
 Before LOGAN and MOORE, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties to this appeal have indicated that oral argument is not desired. After examining the briefs and the appellate record, this three-judge panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Massachusetts Indemnity and Life Insurance Company, hereinafter referred to as the insurer, filed a complaint for interpleader in the United States District Court for the District of Kansas to determine the proper party to receive life insurance proceeds arising from the death of Russell A. Lane, its insured. Fed.R.Civ.P. 22. Named as defendants were Vickie Kay Lane, the divorced wife of the insured, and Pamela K. Lane, wife of the insured at the date of his death. Jurisdiction of the district court was based on diversity. 28 U.S.C. 1332.[2]
 
 
 3
 Both Vickie Lane and Pamela Lane filed answers to the complaint for interpleader in which each claimed the insurance proceeds. In the alternative, Pamela Lane asserted that under Kansas law, as intestate takers of the assets of the Estate of Russell Lane, she was entitled to one-half of the insurance proceeds and the two children of Russell Lane from his marriage to Vickie Lane were entitled to the other half.
 
 
 4
 Vickie Lane filed a motion for summary judgment, with a supporting memorandum, and Pamela Lane filed a response thereto. In the memorandum supporting the motion for summary judgment and in the response thereto, the parties itemized the undisputed facts. After a conference with a magistrate, the parties submitted supplemental memoranda. The case was then submitted to the district court without oral argument. The district court granted Vickie Lane's motion and entered judgment in favor of the divorced wife, Vickie Lane. Pamela Lane, the widow, appeals.[3]
 
 
 5
 The critical facts are not in dispute. Vickie Lane and Russell Lane were married on February 23, 1980, in Sedgwick County, Kansas. On December 22, 1986, Russell Lane applied to the insurer for life insurance. The insurer issued Russell Lane a policy of life insurance in the face amount of $100,000 on or about February 2, 1987. The primary beneficiary designated in the policy was "Vickie Kay Lane; Relationship to the Insured--wife." The secondary beneficiary designated in the policy was "Estate of Russell A. Lane." The Lanes remained husband and wife until they were divorced on May 13, 1988. During the marriage two children were born. Russell Lane thereafter married Pamela Lane on October 3, 1989, and they remained husband and wife until Russell Lane's accidental death in a motorcycle accident on January 19, 1991. After the divorce, Russell Lane did not change the beneficiary of his insurance policy, and on the date of Russell Lane's death, Vickie Lane remained the primary beneficiary of the policy.
 
 
 6
 As indicated, Vickie and Russell Lane's marriage ended in a divorce decree dated May 13, 1988. Paragraph 9, which plays a central role in the present dispute, provides as follows:
 
 
 7
 9. The Respondent [Russell Lane] shall be awarded as his sole and separate property, free and clear of any and all claims of the Petitioner [Vickie Lane], all personal property, household goods and effects now in his possession, including the 1982 Chevrolet Cavillier [sic] Automobile.[4]
 
 
 8
 In granting summary judgment in favor of Vickie Lane, the ex-wife, the district court recognized the general rule in Kansas, and elsewhere, that a spouse specifically named as a beneficiary in a life insurance policy remains a beneficiary after a divorce, citing, inter alia, Matthews v. Matthews, 163 Kan. 755, 186 P.2d 233 (1947). In other words, a divorce does not itself affect the rights of the divorced wife who is designated by name as the beneficiary in a policy of life insurance taken out during the marriage by the husband. Tromp v. National Reserve Life Insurance Co., 143 Kan. 98, 53 P.2d 831, 836 (1936). The district court went on to recognize, however, that the spouse, as a part of a separation or property settlement agreement incident to a divorce, "may contract away his or her right to claim the proceeds of a life insurance policy on the other spouse's life in which he or she is named as beneficiary." Hollaway v. Selvidge, 219 Kan. 345, 348, 548 P.2d 835, 839 (1976). The district court concluded that, in the instant case, Vickie Lane, the ex-wife, had not so contracted away her rights in the insurance policy here involved and also rejected "the position advanced by Pamela Lane that paragraph 9 [in the divorce decree] is tantamount to a relinquishment of Vickie Lane's status as beneficiary." It was on this general basis that the district court granted summary judgment in favor of Vickie Lane.
 
 
 9
 The attorney who represented Vickie Lane in the divorce proceeding between her and Russell Lane stated in an affidavit that to "the best of his recollection" the decree was entered upon "Waiver of the Record," that neither party was personally present in court at the time the divorce decree was entered, that neither party had read the proposed decree until after the divorce was entered, and that he had prepared the proposed decree and "believed that he had incorporated into the decree the wishes of the parties pertaining to the divorce."
 
 
 10
 Resolution of the present controversy involves a consideration of Hollaway v. Selvidge, 219 Kan. 345, 584 P.2d 835 (1976). In that case, Leo Hollaway, during his marriage to Rosalyn, bought certain insurance policies in which he designated Rosalyn as the beneficiary, Leo having the right to thereafter change the beneficiary thereunder. Leo and Rosalyn were later divorced and in contemplation of the divorce entered into a detailed written property settlement. No reference to any of the insurance policies was made in the settlement agreement. However, the agreement was in detail, and the gist of it, which was repeated over and over in one form or another, was that each was relinquishing all claims against the other except those mentioned in the agreement. After the divorce, Leo Hollaway married Judy Ann but did not change the beneficiary in any of the insurance policies there concerned. He was accidentally killed in the course of his employment, and a dispute then arose between Rosalyn and Judy Ann over the insurance proceeds.
 
 
 11
 It was in this setting that the Kansas Supreme Court upheld the trial court's ruling that Judy Ann, the second wife, was entitled to the insurance proceeds. In so doing, the Kansas Supreme Court first recognized the general rule in Kansas that the rights of a spouse as beneficiary under a policy of insurance issued her husband during their marriage are in no way affected by the fact that they are later divorced. However, the Kansas Supreme Court went on to state that it was equally well settled that "as a part of a separation or property settlement agreement a wife may, upon divorce, contract away her right to claim insurance proceeds from policies on her husband's life in which she is named as the beneficiary."
 
 
 12
 In Hollaway, the Kansas Supreme Court upheld the trial court's holding that by virtue of the written property settlement agreement, which was incorporated in the divorce decree, the wife had relinquished her "inchoate rights or expectancies" to the insurance proceeds. The court did caution that "each case of this sort" must be decided on its own facts.
 
 
 13
 Pamela Lane argued in the district court, as she does here, that she comes within the exception to the general rule as that exception is set forth in Hollaway. As we understand it, she concedes that in the instant case there is no written property settlement which was approved by the court and incorporated in the divorce decree. Nor does she contend that there was any oral agreement that went beyond the terms of the divorce decree itself. Rather, Pamela Lane argues that paragraph 9 of the divorce decree between Vickie Lane and Russell Lane "terminates [Vickie Lane's] right to make any claim upon the property of the decedent, including the MILICO life insurance policy owned by him." With the latter, we do not agree.
 
 
 14
 Paragraph 9 of the divorce decree is general in nature, as is the reciprocal paragraph 8 thereof, counsel for Vickie Lane referring to each as "boiler plate." There is no mention of insurance or beneficiary rights thereunder in either. Most certainly paragraph 9 is nowhere nearly as broad or comprehensive as the written property settlement agreement involved in Hollaway. In the instant case the district court attached significance to the fact that in Hollaway the ex-wife had signed a written settlement agreement which was incorporated in the divorce decree, whereas in the instant case, Pamela Lane relied, not on a written property settlement agreement, but on the divorce decree. However, the district court also specifically rejected Pamela Lane's argument "that paragraph 9 [of the divorce decree] is tantamount to a relinquishment of Vickie Lane's status as a beneficiary." We agree with the district court's conclusion that paragraph 9 "[left] undisturbed Vickie Lane's contingent right to receive the proceeds of the policy upon the death of Russell Lane which became an absolute contractual right upon Russell Lane's death."[5]
 
 
 15
 At the time of Russell Lane's death, Vickie Lane remained as the designated beneficiary under the insurance policy. Admittedly, Russell Lane could have changed the beneficiary designation at any time, either before or after his divorce, but he did not. Paragraph 9 of the divorce decree is insufficient to indicate a relinquishment of whatever rights Vickie Lane had as the originally designated beneficiary, which designation was thereafter never changed. All of which bring us back to the general rule that where a wife is named as the beneficiary in an insurance policy taken out by the husband during their marriage, the mere fact of a divorce does not itself mean that she is no longer a designated beneficiary. She could have bargained away such expectancy in a property settlement agreement incorporated into a divorce decree, but in the instant case we agree with the district court that she did not. And, as indicated, paragraph 9 in the divorce decree is not "tantamount to a relinquishment of Vickie Lane's status as a beneficiary."
 
 
 16
 In short, we are disinclined to disturb the district court's understanding of Kansas law and its application thereof to the stipulated facts of the instant case. We are in accord therewith.
 
 
 17
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The insurer is a Massachusetts corporation with its principal office in Atlanta, Georgia. Vickie Lane, the divorced wife, is a citizen of Kansas, and Pamela Lane, the widow, is now a citizen of Oregon. The amount here in controversy exceeds $50,000
 
 
 [3]
 The only parties in this court are Vickie Lane and Pamela Lane. The insurer interpleader in the district court has advised us that it need not participate in the present appeal, and it has not
 
 
 [4]
 Paragraph 8 in the divorce decree is reciprocal to paragraph 9 and provides as follows:
 
 
 [8]
 The Petitioner [Vickie Lane] shall be awarded as her sole and separate property, free and clear of any and all claims of the Respondent [Russell Lane], all personal property, household goods and effects now in her possession
 
 
 [5]
 Because we agree with the district court's conclusion as to the effect of paragraph 9, we need not address Pamela Lane's contention that the district court "erred in ruling that a marital separation agreement takes precedence over the decree of the court in determining who is entitled to the insurance proceeds."